UTICA,
August, 1829.

Wright
v.
Williams,

The notice was served 26 days before the trial, on the agent of the defendant's attorney, who transmitted the same to the attorney, by whom it was received on the second day after the service on the agent.

---

## WRIGHT *vs.* WILLIAMS.

In *replevin,* where the defendant put in two avowries

COSTS in action of replevin.   Williams made a distress for rent.   Wright replevied the property, and declared in to one count in a declaration, one of which was held good and the other bad on demurrer, and the avowry adjudged good establishing his right to distrain, he was considered to prevail upon the whole record, and to be entitled to his *damages* and *costs,* notwithstanding that the plaintiff had obtained a verdict upon pleas put in by the defendant to the other counts of the declaration.   The plaintiff, however, was held to be entitled to recover his costs of the demurrer to the avowry adjudged bad, and the costs of the issues of fact found by the jury in his favor.

Where the pleading is at common law, in actions other than replevin, and issues are found for both parties, the party prevailing upon the whole record recovers his costs, without any deduction for the issues found against him.   So, in cases of double pleading under the statute, where the defendant has pleaded several pleas, some of which have been found for him, but the plaintiff prevails on the whole record, the plaintiff recovers his full costs, unless the judge certifies that there was probable cause for pleading those pleas ; in which case, the plaintiff does not recover the costs of the issues found against him, nor does the defendant recover costs for those issues.

On judgment upon demurrer for the avowant or person making cognizance for rent, there should regularly be an award of a writ of enquiry, to ascertain the value of the distress.   The omission, however, will be remedied by a rule *nunc pro tunc,* granted on payment of costs.

It is not necessary to issue a *scire facias* to revive proceedings, where there has been no proceeding in a suit for more than a year after interlocutory judgment.   The defendant may expedite the plaintiff by moving to non pros him, or he may set aside his proceedings, if any objection exists, on motion.

Where there are issues in law and issues of fact joined in the same action, it is desirable that the issues in law be first disposed of.

three counts : alleging the taking in the first count in a certain close called *Solomon Wright's field;* in the second, in a certain close called *the highway;* and in the third, in a certain close called *Andrew Freeman's barn :* To which declaration Williams answered, by I. A plea of *non cepit* to the whole declaration ; II. Two avowries to the first count of the declaration, acknowledging, in the *first* avowry, the taking of the property as a distress for rent in arrear due to the defendant, *as executor of John Williams,* deceased ; *second,* avowing the taking in his own right, as a distress for rent, to the defendant *himself;* III. A plea of *cepit in alio loco* to each of the two last counts, with an avowry inducing a return. The plaintiff demurred to the two avowries, and issues of law were joined ; previous to the determination of which, the issues of fact were tried in December, 1824, when a verdict was taken for the *plaintiff* for six cents damages and six cents costs on all the counts, subject to the opinion of this court on a case made. In February term, 1826, the demurrers were decided ; judgment being given for the *plaintiff* on the demurrer to the first avowry, and for the *defendant* on the demurrer to the second avowry. In October term, 1826, the court gave judgment for the plaintiff on the case made, on the verdict in his favor on the second and third counts in the declaration, (5 *Cowen,* 340,) and the plaintiff perfected judgment by signing and filing record. On the tenth day of October, 1828, the defendant gave notice to the plaintiff that a writ of inquiry of damages would be executed in this cause on the thirtieth of that month, on which day the plaintiff obtained an order to stay proceedings, and applied to this court, at the last February term, to set aside the writ of inquiry and all subsequent proceedings for irregularity. The principal grounds relied upon in support of the motion were, 1. That no writ of inquiry was awarded by the court when judgment was rendered on the demurrer for the defendant, nor had any rule been entered since to that effect, previous to the executing of the writ of inquiry ; and 2. That at the last October term, (as alleged,) this whole subject had been before the court, become *res judicata,* and could not again be stirred in.

S. Stevens, for the motion. It is sufficient for a plaintiff that he succeeds on one count of his declaration; that entitles him to a general judgment. In replevin, it is necessary to state the particular close in which the property was taken, and the proof must correspond, or the plaintiff will be non-suited. (2 Chitty, 508, 9, a. 1 Saund. 347, n. 1.) Here this was done, and the plaintiff had a verdict and judgment on two of the counts in his declaration. Where two separate and distinct causes of action were joined in one declaration, viz. a count in trover and another in slander, it was held that the defendant was not entitled to costs, although he succeeded in his defence to the count for slander, the plaintiff having obtained a verdict on his count in trover. (Butcher v. Green, Douglass, 652.)

The " act to prevent abuses and delays in actions of replevin," (1 R. L. 95,) does not help the defendant. A writ of inquiry can be sued out by an avowant in whose favor judgment is given on demurrer, only where the avowry is a defence to the whole declaration. This is obvious from the purport of the eleventh section of the act, which treats of judgments defeating the plaintiff's right of recovery. The avowry was no defence to the second and third counts. A justification of a taking in one place is no justification of a taking in a different place. If the property replevied was taken in the place mentioned in the first count, and only passed through the places mentioned in the second and third counts, the defendant should have plead specially how he had it in those places. (1 Chitty, 491. 2 id. 512, n. 1 Saund. 347, n. 1.)

The question is res judicata. The court has decided that the defendant is not entitled to costs. (1 Wendell, 277.) A plaintiff is entitled to costs where he recovers damages. (Act concerning costs, 1 R. L. 343.) Where there are several counts in a declaration, and the plaintiff succeeds on one, he has the postea and the costs, and the defendant is not entitled to any costs; nor is the defendant entitled to costs where he succeeds on a demurrer to one count, and the plaintiff has a verdict on another count. (5 East, 261. 2 Burr. 1232.) The third section of the act concerning costs gives

damages and costs to an avowant in replevin only where the plaintiff is *barred.*    Here the plaintiff, instead of being barred, has judgment, deliberately pronounced by the court upon the case made after verdict, (·5 *Cowen*, 340,) which, until reversed, is conclusive upon the parties.

There is no award of a writ of inquiry, and did the decision of the demurrer in favor of the defendant authorize the issuing of it, having laid by for three years since that decision was made, the defendant cannot now proceed but by *scire facias.*    (12 *Mod.* 500.)

*J. Willard,* contra.    A formal award of a writ of inquiry was not necessary.    Such writ is the necessary result of the judgment in favor of the defendant.    If, however, it should have been entered, the omission of the clerk ought not to prejudice the party, and the court will direct it to be entered *nunc pro tunc.*

· The rule that a plaintiff recovering a verdict on one or more counts in a declaration is entitled to judgment on the whole record, and that the defendant obtaining a verdict on the remaining counts is not entitled to costs, does not apply to the action of replevin, where the defendant makes avowry for rent.    (2 *Archb. Pr.* 251.)    The defendant in such case stands in the place of the plaintiff.    If he has several avowries, and succeeds on one, he has the same rights as a plaintiff who succeeds on one out of several counts of a declaration.    It is admitted in this case, that the several counts in the declaration were for the taking of the same property. The defendant, therefore, succeeding on any one of the issues, is entitled to judgment on the whole record.

*By the Court,* SAVAGE, Ch. J.    Previous to the last October term, the defendant proceeded to execute a writ of inquiry according to the 11th section of the " act to prevent abuses and delays in actions of replevin," (1 *R. L.* 95,) which directs, that where judgment is given for the avowant upon demurrer, a writ shall issue to inquire of the value of the distress and the amount of rent in arrear ; and that upon the return of such writ, judgment shall be given for the avow-

ant for the rent due, if the distress is of equal value ; but if not, then for the value of the distress, with costs.  Had there been no proceedings upon the second and third counts before the decision of the demurrer in favor of the defendant, there could have been no question about the regularity of this proceeding.  The decision of the demurrer was a virtual decision of the cause in favor of the distress.  The three counts in the declaration were for one and the same taking. The pleas to the second and third counts did not draw in question the merits of the case ; but the demurrer to the avowry admitted the facts stated ; and that avowry being held valid, determines that the defendant had good right to make the distress.  The statute directs, that instead of awarding a return of the distress, this writ of inquiry shall issue to ascertain the amount for which the defendant shall have execution.   There is, therefore, no irregularity in issuing the writ, except as hereinafter mentioned, unless it has occurred by the plaintiff's proceedings. · In replevin, both parties are actors.   Where there are issues in law and issues of fact joined in the same action, it is desirable for the regular and proper conducting the proceedings, that the issues in law be first disposed of.   Had such been the course adopted in this case, and a writ of inquiry had been executed before, or at the time when the issues were tried upon the pleas of *cepit in alio loco*, there could have been but little difficulty in rendering the proper judgment.   As the plaintiff, however, had a right to try his issues of fact when he did, the defendant ought not to be prejudiced by it.   Suppose, then, that· the plaintiff produces his postea upon the second and third counts, with an assessment of six cents damages, and the defendant at the same time produces an inquisition under a judgment in his favor upon one of his avowries, which of the parties can be said to prevail upon the whole record ?  The plaintiff is in possession of the goods, and because the defendant has failed in proving that they were taken in a different place from that set forth in the second and third counts, the plaintiff has judgment, the effect of which is to give him, so far as the facts appeared on the trial, the rightful possession of the property : but by the decision of this court on demurrer to the avowry,

it has been solemnly adjudged that the defendant had good right to make the distress, and that he shall have execution for the value of the goods distrained and replevied, and also for his costs. Upon the whole record, therefore, the defendant succeeds; and in replevin, where the defendant avows the taking, he becomes virtually the plaintiff in the cause. He is entitled to the effect of his distress, unless he is debarred by the previous proceedings.

UTICA,
August, 1829.

Wright
v.
Williams.

The objections are, 1. The want of a rule awarding a writ of inquiry. This certainly is necessary, from the language of the statute ; but as it is matter of course, we would permit it to be entered *nunc pro tunc* on payment of costs. 2. The principal objection is, that the whole subject has been before this court, and has been adjudicated. If the fact were so, it would certainly be necessary to move to set aside the proceedings, before any thing could be done on the part of the defendant. It appears a judgment record has been filed, and that the defendant applied to have the costs of the demurrer deducted from the general costs of the suit; but it was not then shewn what proceedings were consequent upon the demurrer, or that any other proceedings could be had. For aught that appeared to the court, that was the termination of the cause, and such was the natural inference from the motion itself. (1 *Wendell*, 277.) Nor does it now appear how the demurrer has been disposed of upon the record which has been filed. There can be but one record in a cause, and that record must contain a true history of the proceedings. As this record has been made before the cause was at an end, it must necessarily be imperfect. For the purpose, however, of determining upon the regularity of the issuing the writ of inquiry, the state of the cause when it issued must be regarded. At that time no record was filed, though the rule for judgment in favor of the plaintiff on the verdict upon the second and third counts was entered. I shall therefore, for the purpose of deciding this motion, consider the case as if no record had been filed.

As has been already remarked, the defendant is entitled to the amount of the inquisition, which is, I presume, the value of the property distrained, together with his costs. The

plaintiff is entitled to recover the amount of his verdict, six cents, together with his costs. The rule laid down in this cause, (1 *Wendell*, 278,) is the general rule for the case there stated ; but the facts now presented vary, and it is said the action of replevin is an exception. Many cases are referred to in 2 *Archb.* 252, 3, where, in this action, the costs of the several issues have been allowed to the several parties in whose favor they were found. The case of *Cook* v. *Green*, (5 *Taunt.* 594,) is one of the latest, and most resembles this case. The defendant avowed taking the goods for rent due him, and because the goods were fraudulently removed from the demised premises, therefore he took them in the place where, &c. The plaintiff pleaded three pleas : 1. *Non tenet ;* 2. Nothing in arrear ; 3. That the goods were not fraudulently removed. On the trial, the cause was referred to an arbitrator, to determine the issues, and he awarded, 1. That the plaintiff did hold as tenant to defendant ; 2. That £20 10*s.* 6*d.* rent was in arrear ; but, 3. That the goods were not fraudulently removed, and that a verdict for plaintiff for one shilling damages, should be entered, with 40 shillings costs on the third issue. On the taxation of costs, the officer taxed the costs for the plaintiff, but rejected a claim for the defendant's costs on the two first issues. A motion was made for retaxation, and it was contended by *Copley*, the present lord chancellor of Great Britain, that the defendant was entitled to costs of the pleadings and of the two issues found in his favor ; and he cited 2 *H. Black.* 435 ; 2 *Bos. & Pul.* 368; 2 *T. R.* 235. The motion was opposed by *Best*, the present chief justice of the common pleas, who relied on 6 *East*, 261. The court granted the motion, saying if the defendant disproved either of the three pleas, he had a good cause of distress, and the plaintiff was not called on by prudence or caution to plead pleas which he knew to be false.

In the case of *Dodd* v. *Joddrell*, 2 *T. R.* 235, four issues were joined, three of which were upon pleas by the plaintiff to the defendant's cognizance. Two issues were found for each party, and the court held, the plaintiff being entitled to judgment, that the costs of the two issues found for the de-

fendant, should be deducted from the plaintiff's costs. Bul-
ler, justice, said, "The general rule is this : where several
matters are pleaded by the plaintiff, some of which are found
for him, and the others for the defendant, and the plaintiff is
entitled to judgment, *if the judge who tried the cause* certify
that there was a probable cause for pleading those pleas, the
master is not to deduct the costs of those issues so found for
the defendant; but if there be no certificate, the defendant
is entitled to have those costs deducted for him." The ques-
tion arose upon the construction to be given to the statute, 4
*Ann, ch.* 16, *sect.* 4 *&* 5; same as 1 *R. L.* 519, *sect.* 10. This
rule is given where the plaintiff pleads to the defendant's
avowry in replevin.

The case of *Brooke* v. *Willett*, (2 *H. Bl.* 435,) was an ac-
tion of replevin, in which the defendant pleaded *non cepit* to
the first count, and to the second count he avowed the taking
damage feasant. Two pleas in bar were pleaded by the
plaintiff; two issues were found for the defendant, and one
for the plaintiff, establishing his right of action. On motion,
it was ordered that the defendant's costs on the issues found
in his favor should be deducted, as well the costs of the plead-
ings, as of the trial. The same rule was adopted in *Vollum*
v. *Simpson*, (2 *Bos. & Pul.* 368,) where six issues were
joined, and three found for each party. Lord Eldon declar-
ed such was the uniform practice of the court; and Heath,
justice, said, "The costs intended to be given, appear to me
to be all those costs which follow the unnecessary plea."

In the case of *Astley* v. *Young*, (2 *Burr.* 1232,) the decla-
ration contained two counts; one for verbal slander, the oth-
er for a libel. The defendant pleaded the general issue to
the whole declaration, and a justification to the second count,
on which he had judgment. The plaintiff had a verdict up-
on the first count, and the court refused costs to the defend-
ant for the issue found in his favor. The reporter remarks,
"These were single pleas at common law, but where there
is double pleading, and each plea goes to the whole declara-
tion, and there is a demurrer to any one plea which goes to
the whole, and judgment for the defendant thereon, then the
defendant should have costs; for the plaintiff should not try

UTICA,
August, 1829.

Wright
v.
Williams.

his issue after the defendant has had judgment upon a demurrer, which goes to the whole. The case of *Cook* v. *Sayer*, (2 *Burr.* 753,) was a case of double pleading under the statute. To an action of *crim. con.* the defendant pleaded not guilty, and not guilty within six years. To the last the plaintiff demurred, and during the pendency of the demurrer the issue was tried upon not guilty, and a verdict for the plaintiff. The demurrer was afterwards decided for the defendant, so that the plaintiff upon the whole record had no cause of action. The court gave judgment for the defendant with costs on the demurrer, but gave no costs upon the issue to either party ; not to the defendant, because the issue was found against him ; nor to the plaintiff, because he unadvisedly carried his issue down to trial, before the determination of the demurrer.

The case of *Butcher* v. *Green*, (*Dougl.* 678,) is similar in principle to *Astley* v. *Young*, and was decided upon that authority. There were two counts, one in trover and the other for words. The pleas were, not guilty to the first, and justification to the second count. The first was found for the plaintiff, and the second for the defendant. Buller, justice, said, the practice of this court (he was then in the king's bench,) had been uniform, not to allow the defendant costs in cases of this sort. They differed, he said, from cases where different issues are joined on different pleas ; for in those cases the defendant is allowed his costs on the issues found for him. *Kirk* v. *Nowell*, (1 *T. R.* 266,) was decided a few years afterwards. It was an action of trespass. Not guilty was pleaded, and three special justifications. A verdict was found for the plaintiff on the three first pleas, and for the defendant on the fourth ; but being insufficient in law, the plaintiff was permitted to enter up judgment on the issues found for him, with costs on those issues, but not on the issue found for the defendant, because he was in fault by going to trial ; he should have demurred.

*Postan* v. *Stanway*, (5 *East*, 261,) was an action of assumpsit. The defendant, who was an executrix, pleaded the general issue and statute of limitations to the whole declaration, and also to a part, she pleaded that the promises were

made jointly by the testator and another person, who was still living. Issue being joined, the plaintiff had a verdict on the two first issues, and the defendant on the last, so that the plaintiff had judgment on the record. It was held that the defendant was not entitled to costs on the issue found in her favor. Lord Ellenborough, in giving the opinion of the court, observed that the question did not turn on the statute of 4 *Ann, ch.* 16, § 4 *&* 5, which allows double pleas, but does not give to a defendant any right to costs, other than he had before. He refers to a number of cases from which he draws this conclusion : that whenever a plaintiff succeeds on a trial in any part of his demand, divided into different counts in his declaration, whether the defendant have pleaded one plea to all the counts jointly, or pleaded to them separately, and separate issues have been joined, on some of which he has succeeded, yet he has never been allowed costs on that part of the plaintiff's demand which has been found against the plaintiff.

The same principle is found in the decision of the case of *Vivian* v. *Blake,* (11 *E.* 263,) where the plaintiff declared in trespass; to which the defendant pleaded the general issue and a justification. The plaintiff had a verdict on the general issue, and the defendant on the justification going to the whole cause of action ; it was held, that the plaintiff was not entitled to costs on the issue found in his favor. (See also 2 *Bl.* 800, and 1299.) In *Day* v. *Hanks,* (3 *T. R.* 654,) there were two distinct causes of action in two counts. The defendant suffered judgment by default on the first, and pleaded to the second ; and on trial had a verdict. The court gave the plaintiff costs upon the first count, and the defendant costs upon the second, and remarked, that there would be no incongruity in the record. If the court see two separate causes of action on the same record, on one of which the plaintiff succeeds, and the other is found for the defendant, they are bound to give two distinct judgments.

In *Griffiths* v. *Davies,* (8 *T. R.* 466,) there was but one count in trespass. The defendant pleaded three several justifications. The plaintiff took issue on these pleas, and new assigned ; on which new assignment he had judgment by de-

fault. The jury found for the defendant on the issues, and assessed the plaintiff's damages on the new assignment at one shilling; both parties were allowed costs; the plaintiff upon his assessment of damages, and the defendant upon the verdict in his favor, although there was but one count in the declaration. These cases go upon the principle, that each party has a judgment in his favor upon the record, and therefore supposed to be distinguishable from those cases where one party alone had judgment upon the whole record. But, according to this principle, the defendant should have had his costs in *Butcher* v. *Green*, and in *Astley* v. *Young*.

It is difficult from these cases to deduce any general principle which has not its exceptions. Some of the English judges were of opinion that the statute of 4 *Ann*, which first permitted double pleading, did not alter the rights of the parties as to the costs of those pleadings; while others were of opinion that the statute did affect the rights of the parties, not only to the costs of the pleadings, but of the trial consequent upon them. They all agree, that where the pleading is at common law, and issues are found for both parties, there the party prevailing upon the whole record, recovers his costs without any deduction for those issues found against him. It seems to me, that from the statute it may also be laid down as a rule, that in cases of double pleading under the statute, where the defendant has pleaded several pleas, some of which have been found for him, but the plaintiff prevails on the whole record, the plaintiff recovers his full costs, unless the judge certifies that there was probable cause for pleading those pleas; when the plaintiff does not recover the costs of the issues found against him, nor does the defendant recover costs for those issues. But in the action of replevin, the rule in England seems to be, that each party shall be allowed the costs on the issues found in his favor; probably, because, as was said in *Cook* v. *Green*, the question turns on the construction of two different statutes, (22 *and* 23 *Car.* 2, *ch.* 9, § 136, and 4 *An. c.* 16, § 4, 5,) depending on which, there may be two different rules of taxing costs in replevin, where both parties are actors.

In the case now under consideration, the pleadings were double under the statute, so far as regards the avowries; the defendant failed on demurrer to his first avowry, he must therefore pay the costs of that issue. The defendant succeeded on the demurrer to his second avowry, he is therefore entitled to his costs and damages upon this avowry, and as this avowry establishes his right to distrain, he prevails upon the whole record. But the plaintiff is entitled under the decisions applicable to this action, to the costs of the issues found in his favor; and there is a good reason given in *Cook v. Green*, to wit, that the issues found against the defendant, were not such as a cautious man ought to take to support his cause; it was not prudent to aver those issues which he knew to be false; and there was no reason why he should not content himself with that which he knew to be true.

It was objected also to the regularity of the proceedings, that a year having expired after interlocutory judgment, no writ of inquiry could issue without a scire facias. There seems to be no necessity for this in the nature of the proceeding, as the defendant may move to non pros the plaintiff, if he be too tardy in perfecting his judgment; and the only authority in support of the objection is a dictum in 12 *Mod.* 500. I am not inclined to adopt it, when there certainly is a much more simple mode of proceeding, by giving notice; if there is then any good objection, the party may avail himself of it on motion.

I am therefore of opinion, that the defendant has been regular, except in the want of a rule to support his writ of inquiry. The motion, therefore, to set it aside should be granted, unless the defendant enters the rule *nunc pro tunc*, and pays the costs of this motion. If he does so, then the motion should be denied.