### BOOTH *vs.* SMITH.

Where there is both an issue of law and an issue of fact on the record, and the plaintiff goes to trial before the determination of the issue of law, he does so at the peril of losing the costs of the circuit if the demurrer be decided against him.

Previous to the entry of the rule for judgment on a verdict, the party recovering is not entitled to charge his adversary with the costs of entries on the roll, &c.

Nor can he charge the fees of a witness who, though regularly subpœnaed, did not arrive at the circuit until after the trial.

MOTION for re-taxation of costs. The plaintiff declared in assumpsit. The first count was on a promissory note for $100, the second on a note for $30, and then followed the common money counts. The defendant pleaded, 1. The general issue; 2. Payment; and 3. Accord and satisfaction to the first count. To the last plea, the plaintiff *demurred*, and the defendant joined. After the issues of law and fact were joined, the plaintiff noticed the cause for trial *tam quam* at the Orange April circuit in 1829, and took a general verdict upon his whole declaration. In May, 1829, the demurrer was argued, and in August following, decided in favor of the defendant, with leave to the plaintiff to reply to the third plea on payment of costs. On the trial of the cause, the defendant made a case to move for a new trial which was argued at the October term, 1829, and a new trial refused with costs. The plaintiff entered judgment upon the verdict ob-

tained by him, which was set aside for irregularity with costs on the motion of the defendant. The plaintiff then put in a replication to the third plea, and in September last the cause was again tried, and a verdict rendered for the plaintiff for $407,42. On the 14th October, *four days previous* to the October term, the plaintiff served a bill of costs and notice of taxation for 23d October, on the defendant's attorney, who, on the same day, informed the plaintiff he need make no more costs, as on the 16th October, the defendant would pay the amount of the verdict and costs to be taxed up to that time. On the 16th October, the defendant told the plaintiff he had $500, and wished to pay him the amount of the verdict and costs; the business was postponed by mutual consent until the 18th October, when differing as to the amount of costs to be paid, the parties agreed that the costs should be taxed on the 26th October, on which day they were taxed by a commissioner at about $140, he allowing among other items the following, viz : 1. The costs of the April circuit, 1829 ; 2. Of the case made by the defendant to obtain a new trial; 3. Of perfecting the judgment, such as motion and rule for judgment, drawing entries on roll and engrossing same, &c. ; and 4. Witness' fees paid a witness for travelling from Rochester and back, who, though regularly subpoenaed, did not arrive at the circuit until the day after the trial ; which several items were objected to by the defendant, and the bill was now brought into court on an appeal from the taxation.

*J. R. Van Duzer*, for defendant.

*J. B. Booth*, in *pro. per.*

*By the Court*, SAVAGE, Ch. J. The plaintiff is not entitled to the costs of the circuit in 1829. He went to trial at his peril before the demurrer was decided, that is, at the peril of losing his verdict and the costs of the circuit if the demurrer should happen to be decided against him. 1 *Dunlap's Pr.* 521. 2 *Saund.* 300 *a.* A general rule applicable to all questions of costs is that the party in the wrong pays costs. The plaintiff was wrong to try his cause before the determina-

tion of the demurrer, and has incurred the penalty of so do- <span>**ALBANY,**</span>
ing. When there are both issues of law and issues of fact on <span>Nov. 1830.</span>
the record, the proper and better course is, first to dispose of <span>Marvin</span>
the issues of law; a party, however, may pursue a different <span>v.</span>
course at his peril. <span>Herrick.</span>

The costs of resisting the application on the case made for
a new trial, the plaintiff is entitled to recover. In this, the
defendant was wrong, and he must pay the costs to which he
unnecessarily put the plaintiff.

The charges embraced in the third objection are *prospective*. The defendant is not liable to pay them, the services
being unnecessary previous to the time when judgment
could be entered. If a tender is sufficient to pay the damages recovered and the costs accrued at the time of the tender, the plaintiff should stop. Nor is the defendant liable for
the fees of the witness who did not arrive at the circuit until
after the trial. The witness could not recover his fees from
the plaintiff, and the latter cannot claim them from the defendant.

Re-taxation ordered.