## OSBORNE vs. LAWRENCE.

Where, to a declaration containing three special counts, and also the common money counts, the defendant demurred *specially* to the special counts, and pleaded to issue on the common counts, and the plaintiff carried down his cause to trial on the issues of fact, and obtained a verdict, and afterwards the demurrer was decided in favor of the defendant, *it was held*, that the demurrer being *special*, and decided in favor of the defendant, for defects of form in the counts demurred to, he was not entitled to costs upon such judgment in his favor.

*It seems*, had the counts demurred to been held *bad in substance*, that the defendant would have had his costs.

So also *it seems* had the demurrer embraced the whole cause of action, the defendant would have been entitled to judgment in his favor, and to the costs of the demurrer, and the plaintiff would not have been entitled to the costs of the issues of fact.

THE declaration in this case contained three counts upon a special contract, and also the common money counts. The defendant *demurred specially* to the counts upon the special contract, and pleaded to issue upon the other counts. Before the determination of the demurrers, the plaintiff carried down his cause to trial upon the issues of fact and obtained a verdict, waiving the right to assess contingent damages. On the argument of the demurrers, judgment was given for the defendant for *defects in the form of the counts* demurred to, and permission granted to the plaintiff to amend. The plaintiff did not avail himself of such leave, but entered judgment upon the verdict, omitting to incorporate in his record a bill of exceptions tendered on the trial, and signed by the judge. The defendant now asks for costs on the demurrers, and that the record be amended by inserting such costs in the same, and by incorporating the bill of exceptions.

*J. L. Wendell*, for the defendant.

*J. Edwards*, for the plaintiff.

*By the Court*, SAVAGE, Ch. J. Previous to the late revision of the statutes the rule was settled that where there were is-

October 4.

ALBANY,
Oct. 1832.

Osborne
v.
Lawrence.

sues of fact and of law joined upon separate counts in the plaintiff's declaration, if the plaintiff prevailed upon the whole record, he recovered costs upon the issues found in his favor, and did not pay costs upon the issues of law found against him. 1 *Wendell,* 277. 2 *id.* 632. Where the demurrer goes to the whole cause of action, and judgment be given for the defendant thereon, the defendant should have costs, for the plaintiff should not try his issue after judgment against him upon a demurrer, which goes to the whole, 2 *Burr.* 123 ?, and in such case, if the plaintiff try his issue of fact, and recover before the determination of the demurrer, if the demurrer, (going to the whole cause of action,) be subsequently determined in favor of the defendant, he is entitled to judgment, with costs of the demurrer ; but no costs of the issue of fact are given to either party ; not to the defendant, because the issue was found against him ; nor to the plaintiff, because he unadvisedly carried down his issue to trial before the decision of demurrer. 2 *Burr.* 753. These cases are both recognized in *Wright* v. *Williams,* 2 *Wendell,* 639, 40 ; and upon this latter principle was decided the case of *Booth* v. *Smith,* 5 *Wendell,* 107. There the plaintiff had but one cause of action, a note ; he inserted in his declaration a count upon the note, and also the money counts ; issues of fact were joined, and an issue of law to the plea of award and satisfaction to the count on the note. The plaintiff took a verdict upon his whole issues in fact before the decision of the demurrer, and judgment was entered upon the verdict ; but judgment upon the demurrer being given for the defendant, and going to the whole cause of action, the plaintiff's judgment was set aside, he having no cause of action. In the report of that case it does not distinctly appear that the plaintiff recovered upon his money counts by producing and proving the very note counted on, and as to which we adjudged there had been a good award and satisfaction ; but such was the fact, and therefore it was said that the plaintiff went to trial at his peril, before the demurrer was decided : that is, the peril of losing his verdict, if the demurrer should be decided against him. That decision is applicable only when the demurrer goes to the whole cause of action. In the case now under consideration the demurrer

did not go to the whole cause of action. The counts in the declaration which were adjudged to be bad in point of form, were counts upon a special contract; the counts upon which the plaintiff had a verdict are general counts, and as I understand, he recovered on the ground that the special contract had been rescinded. The demurrer did not embrace that cause of action, and consequently the plaintiff recovers upon the whole record; he is therefore entitled to his costs upon his verdict, and pays no costs to the defendant upon the demurrers, unless the law is altered by the revised statutes. By those statutes it is enacted, 2 *R. S.* 617, § 23, " When judgment shall be rendered in favor of a defendant upon *general demurrer* to one or more counts in a declaration, and the plaintiff shall have judgment on other counts, on demurrer, on verdict, or by default, the defendant shall be allowed his costs upon such judgment in his favor." This is clearly an alteration of the rule as previously established, but it extends only to judgments upon *general* demurrer. It is true that every special demurrer contains a general demurrer; and had this cause been decided upon the ground that the counts demurred to were defective in substance, the defendant would have been entitled to the costs of the demurrers. The reason of the statute undoubtedly is, that if a plaintiff thinks proper to set forth an insufficient cause of action, when he has a good one, and such cause of action is demurred to, the defendant should have his costs, because, *pro tanto*, he prevails. But this claim to costs does not extend to *formal* defects. The demurrer in this case is special, and was decided upon the defects of form. Had the defendant not demurred, judgment would not have been arrested for the defects specified in the decision of the court.

The plaintiff is entitled to have the bill of exceptions incorporated in or attached to the record, and so far must prevail in this motion; the residue is denied.