ALBANY,<br>March, 1835.<br><br>Seymour<br>v.<br>Billings.

---

### SEYMOUR vs. BILLINGS.

In *replevin*, where the declaration contained only *one count* for a variety of articles, and a *plea of property* was interposed by the defendant, and the jury found the *property* of a portion of the articles to be in the *plaintiff*, and that the value thereof exceeded $50, and the *property* of the residue of the articles in the *defendant*, and that the value thereof was $90, IT WAS HELD that *each party was entitled to recover costs against the other*—the declaration being viewed as containing *two distinct counts* for the respective parcels— or the plea as a *separate and distinct avowry* for each parcel.

A public officer, sued for an act done by him by virtue of his office, being authorized to plead the general issue and give the special matter of his defence in evidence *without notice*, has, in the action of *replevin*, under the plea of the general issue *without notice*, the same rights, and is entitled to the same judgment, which a defendant not an officer is entitled to under a plea of the general issue, *with notice* of the special matter.

But where, in an action against a *public officer*, he has not judgment on the whole record, although he recover costs, he is entitled to *single* costs only, and not to *double* costs.

THIS was an action of *replevin*.  The declaration contained but *one count*, and in it the plaintiff charged the defendant with taking 25,000 feet of white pine boards.  The defendant pleaded *non cepit*.  On the trial of the cause, it appeared that a portion of the boards taken by the defendant were *old* and the residue *new;* and the jury found a verdict in these words: "The jury say they find that the *property* in the *new*

March 19.

*boards*, taken by the defendant on the execution and replevied by the plaintiff, is in the *defendant*, to wit, 16,600 feet, and assess *damages* in favor of the defendant for the *value* of the boards and interest thereon, at $90,91 ; that they also find that the *property* in the *old boards*, taken by the defendant on the execution and replevied by the plaintiff, is in the plaintiff being 8,400 feet, and find the *value* of said old boards to be $50,25, and the *damages* six cents." The *defendant* applied to this court for leave to *perfect judgment against the plaintiff* for the amount found in his favor by the jury, with *double* or *single costs*, as the court should direct : he showing that the property in question *was taken by him as a constable*, by virtue of an execution, and that it was replevied by the plaintiff.

*By the Court*, SUTHERLAND, J. It is well settled, as a general rule, that upon a plea of *non cepit* merely, in an action of replevin and a verdict for the defendant, he is not entitled to judgment *pro retorno habendo*. The plea involves merely the fact of *taking* and the *place*, and not the *title* to the property ; it in fact impliedly disclaims title, and if the defendant has any claim or right to a return of the goods, he must add a special plea by way of avowry or cognizance, in order to entitle him to a judgment for a return. 1 Saund. 347, note 1. 1 Chitty, 490. 4 Wendell, 217. But by the revised statutes it is provided, that with the plea of the general issue, denying the taking or detention of the property claimed, the defendant may give *notice* of any matters which, if properly pleaded by avowry, cognizance, or plea, would *be a bar to the action*, and which, if the goods have been replevied, *would entitle him to a return thereof ;* and he may give such matters in evidence on the trial, in the same manner *and with the like effect* as if the same had been so pleaded. 2 R. S. 529, § 44. Under this statute, then, the defendant may plead *non cepit*, and give notice of any matter which will show his right to take the property, and which, if proved, will entitle him to a return, or to have his damages assessed under the statute. 2 R. S. 531, § 53, 54, 55. By the 53d section, if the defendant recover judgment by discontinuance or nonsuit, such judgment shall be, that he have return of the goods and chattels

unless he elect to take judgment for their value ; in which case it shall be assessed by the jury on the trial, or by a writ of inquiry, § 55. The 54th section provides, that whenever a defendant shall obtain judgment by default, *or in any other manner* after *having pleaded any matter* which, if admitted by the plaintiff, would be sufficient to entitle such defendant to a return of the property, he shall be entitled to a judgment of *retorno habendo*, or for the value of the property, at his election. Matter contained in a notice accompanying the general issue as authorized by the 44th section, must be considered as pleaded, within the meaning of the 54th section ; if not, the 44th section would practically be of very little effect. Public officers, &c. when sued for or concerning any act done by virtue of their offices, &c. may plead the general issue and give the special matter in evidence without notice. 2 R. S. 353, § 14, 15. This provision is general, embracing every action, and of course the action of replevin. The *plaintiff* shows that *non cepit* was the only plea put in by the *defendant.* For the purposes of this case, then, the plea must be considered as simply the general issue *without notice ;* but it gave the defendant the same rights and entitled him to the same judgment as a defendant not an officer would be entitled to under similar circumstances, upon a plea of the general issue, with notice of the special matter. The jury under this general form of pleading, having found the title of a part of the property replevied by the plaintiff to have been in the defendant, and the title of the residue in the plaintiff, and having assessed the value of each parcel by way of damages, effect must be given to the verdict in the same manner as though the declaration had contained *two distinct counts for the respective parcels of boards,* or the defendant had *avowed for each respectively.* If this had in fact been the form of the pleadings, the question of costs would have been free from difficulty ; and I think the costs must be disposed of as though the pleadings had been in technical special form. Each party then, in this case, has a substantial issue found in his favor ; and the general rule in the action of replevin seems to be, that each party shall have the costs of the issues on which he succeeds. Both areconsidered as plaintiffs or actors. *Wright v. Williams,* 2

ALBANY, March, 1835.

Seymour
v.
Billings.

Wendell, 642. But, under the revised statutes, this is made the general rule applicable to all actions. 2 R. S. 617, § 26. When there shall be several issues joined in any cause upon distinct causes of action, and some of which shall be found for the plaintiff and some for the defendant, and the plaintiff shall obtain judgment on the whole record, he shall recover costs on those issues which are found for him, and the defendant on those which are found in his favor. That is this case. The plaintiff must be considered as entitled to judgment on the whole record, and the verdict is amendable so as to give nominal damages to the defendant, in order to entitle him to costs of increase. *Beekman* v. *Bemus*, 7 Cowen, 32. But the defendant is entitled to single costs only. In order to entitle an officer to double costs, he must have judgment on the whole record. 2 R. S. 617, § 24. This must be the construction and intention of the act.

The defendant, then, is entitled to have judgment entered upon the record for the damages assessed in his favor by the jury, with single costs applicable to that issue. The items of his costs must be settled on taxation.

Motion granted accordingly. *

---

* On the 21st *June* last the following case was decided, upon a question of costs in a *replevin suit ;*

Rogers *vs.* Arnold and others.

In *replevin,* where a defendant pleads *property* in the goods, as to a portion of which the issue is found in his favor, and as to another portion the property is found in the plaintiff, but the portion, the property of which is thus found in the plaintiff, is of a *value less than* $50, *the defendant is entitled to recover costs ;* but the plaintiff, when his damages are assessed at an amount not exceeding $50, in a suit commenced in this court can recover no more costs than damages.

June 21st.    This was an action of *replevin* for the *mill-irons* of a saw-mill alleged to have been taken by the defendant, who pleaded *non cepit* and *property* in themselves and others. The jury found the goods specified in the declaration to have been taken by the defendants, and that as to a portion of such goods, the *property* thereof was in the *plaintiff,* the value of which they assessed at $15,50 and they also assessed the damages of the plaintiff at *six cents,* and his costs at *six cents ;* and as to the residue of the goods, they found the *property* thereof to be in the *defendants,* assessed the value of such

ALBANY,
March, 1835.

---

residue at $116,12, and assessed the damagas of the defendants at *six cents*, and their costs at *six cents*. The *defendants* had their costs taxed at $160. The plaintiff moved to set aside such taxation, contending that the defendants were not entitled to recover costs.

*By the Court,* SUTHERLAND, J. The plaintiff's right to costs was disposed of when this case was before us on a bill of exceptions, ante 38. Mr. Justice *Nelson* there says, the value of the property not amonunting to $50, the plaintiff can recover only six cents costs; he should have brought his suit in the common pleas, where a recovery to any amount would have given him costs 2 R. S. 614, § 12. But the *defendants* having sueceeded upon a material issue, are entitled to *their costs*. 2 R. S. 617, § 26, subd. 2. 2 Wendell, 642.

Motion denied.