Shorke v. Charles.

---

## SHORKE *vs.* CHARLES.

Where a plaintiff brought an action in this court of *case*, under the statute, 2 R. S. 553, § 16, instead of *trespass* for an injury to the person, and in his declaration added counts for a *malicious prosecution*, and on the trial gave evidence under *all* the counts, which was submitted to the jury, who found a *general verdict* on all the counts in favor of the plaintiff for $40 damages : *it was held*, that the *plaintiff* was entitled only to *nominal costs* on the count for the injury to his person, and that the *defendant* was entitled to *full costs* of defence on all the counts.

To have prevented this result, the plaintiff should have brought his action for the *malicious prosecution* in the common pleas.

Although the Revised Statutes allow *an action on the case* to be brought at the election of the party, instead of *trespass*, in all cases of *injury to the person*, still a justice of the peace has not *jurisdiction* of such action when brought for such cause.

THE declaration in this case contained one count in trespass *on the case* for an assault and battery, under the 2 *R. S. p.* 553, § 16, which authorizes *case* in-

### Shorke v. Charles.

stead of *trespass,* at the election of the party, in all cases of injury to the person, personal property, or rights of another, or to his servant, child, or wife, for which an action of trespass may by law be brought. There were, besides, two counts for a malicious prosecution in the same declaration. On issue upon these counts, the cause went to trial at the Alleghany circuit in September, 1836, and the verdict was $40 for the plaintiff generally on all the counts—evidence being given under all of them, and all being submitted in charge to the jury.

The question was now submitted to the court, whether the plaintiff was entitled to costs, and if so, to what amount; or whether he must pay costs to the defendant.

[617]    *Angle & Grover,* for plaintiff.

    *R. Haight,* for defendant.

*By the Court,* Cowen, J. It is insisted that a justice had jurisdiction of the matter in the first count. He has jurisdiction of actions on the case, (2 *R. S.* 225, § 3, *sub.* 2,) but not *of an action of assault and battery.* (*Id.* 226, § 4, *sub.* 3.) These words generally mean trespass for an assault and battery, and indeed always meant that till the statute, 2 *R. S.* 553, § 16, which gives an election of trespass or case. *An action of assault and battery,* may now as well mean *case* as trespass. I am aware that the older statutes contained similar words of restriction on the jurisdiction of the justice; and yet the party injured might, where the assault was not wilful, sue in an action on the case before a justice, at his election. But there he waived the injury for the assault and battery, and relied on negligence only. (*Blin* v. *Campbell,* 14 *Johns. R.* 432.) An action on the case under the statute goes for all injury, direct and consequential, to as great an extent as would the action of trespass. It is then plainly comprehended within the words *action of assault and battery,* and is plainly without the jurisdiction of a justice; and the *plaintiff,* if the recovery stood on the first count alone, would be entitled to as much costs as damages. (2 *R. S.* 613, § 6, 8.) But counts for malicious prosecution are joined. Evidence was given under all, and the verdict is general. Under these latter counts, if they had stood alone, the *defendant* would be entitled to costs. (2 *R. S.* 613, 614, 615.)

The case then comes to this: a joinder of three counts, and general verdict for the plaintiff on all the counts to $40. One of the counts standing alone, such a finding would by the statute carry $40 costs; on the others by the statute, if they were alone, the plaintiff must pay costs. It is impossible to separate them, and say that the verdict was on one or the other. In construction of law, damages are given under all three upon each class, which would carry costs different [618] ways; and the question is, which shall control. There is no provision in the statute which reaches this case. The 26th §, sub. 2, 2 *R. S.* 617, does not apply; for there is no finding in favor of the defendant. Nor is there any finding on any distinct or different issues, if any could be said to have been joined. The 16th §, (*id.* 615,) comes the nearest to it. According to that, if the plaintiff do not recover a sufficient sum to carry any costs, he shall pay costs. But he has recovered something on the first count, which carries some costs, though we cannot see how much.

We are referred to *Spalberg* v. *Walrod,* (1 *Johns. Cas.* 162.) I collect from that case that there was but one count, which was in trespass *quare domum fregit,* and for an assault and battery on the daughter and debauching her, *per quod servitium amisit.* The verdict was $10 for the plaintiff generally. The statute gave full costs, both in trespass, *quare clausum fregit,* and assault and battery, where the recovery exceeded 40s. It was insisted that the plaintiff was not entitled to costs, because the action was in its nature an action on the case, in which more than $50 were necessary to carry costs. Lansing, C. J., said, one of the injuries complained of is the breaking of the plaintiff's house; and of this the defendant is found guilty by the verdict, which is general, and applies to all the matters charged in the declaration. The court, therefore, gave full costs.

Shorke v. Charles.

The action was, in legal construction, trespass on land, laying all the other facts as matters in aggravation. The recovery was therefore of 40s. for trespass, within the statute.

There is an English statute which, as construed by the courts, gives full costs to the plaintiff in slander for special damage. where he recovers at all; but where the words are actionable, he must recover more than 40s., or he can have no more costs than damages. On a declaration containing both classes of counts, it is plain, from the cases, that on a general verdict upon both in his favor, for any sum, the plaintiff would have full costs. But the reason there, is, that the recovery of even nominal damages on the count for special damage gave him full costs to be taxed; and he had got something by the general verdict. The measure was not material. (*Savile* v. *Jardine*, 2 *H. Black.* 531. 1 *Saund.* 246, [619] note 8. *Hallock's Law of Costs*, 31 to 38, *and the cases there cited.*) The principle of those cases would carry costs in favor of the plaintiff here, if it were not that the count on which costs are to go, is connected with others upon which the defendant is entitled to his costs. In those cases, the court could see that the plaintiff was entitled to something on all the counts; and it was not material what, as to the counts or words actionable in themselves, so long as they could see a recovery upon one count which would carry full costs.

Separating the causes of action here, the utmost we can say for the plaintiff with certainty is, that he holds a verdict for nominal damages on his count for the assault and battery. For aught we know, all other damages were given for the malicious prosecution. (*Savile* v. *Jardine*, 2 *H. Black.* 531.) On the other hand, considering the defendant as standing upon his rights in respect to the counts for a malicious prosecution, he is entitled to full costs. To obtain costs for that cause of action on his present recovery, which is less than $50, the plaintiff should have gone to the common pleas, (2 *R. S.* 613, 614;) and it behoved him to do that if he would escape the payment of costs to the defendant. (*Id.* 613, 614, 615.) Such a separation of the causes of action, and the allowance of costs according to a general verdict, which would carry them to a different amount upon the different counts, was resorted to in *Savile* v. *Jardine*, before cited. There, three counts were in slander for words actionable, and two for special damages arising from words not actionable. On a general verdict in favor of the plaintiff, with one shilling damages, full costs were allowed, because some of the damages must have been on the latter counts, which carried full costs, though the finding on the other would not carry any costs beyond the shilling. Although we have seen that this mode of dealing with the counts cannot help the plaintiff within the case cited, and others of the same class, yet the principle comes in, as it appears to me, in favor of the defendant. The plaintiff cannot recover more than nominal costs on one count, while the defendant, in respect to the other counts, is entitled to full costs. If the nominal costs on the other [620] count were in his favor, he would be exactly in the place of *Jardine*, the plaintiff in the case cited. The nominal sum standing the other way makes no difference in the principle. The plaintiff in that case took his full costs, without distinction as to the counts; and, on the whole, I think the defendant must have his in the same way. We cannot sever them. A similar principle was, I think, acted upon by this court in *Rogers* v. *Arnold*, (12 *Wendell*, 288, note ; id. 38, S. C, per *Nelson*, J.)

I am of opinion that the plaintiff have judgment for six cents costs of increase, and that the defendant have judgment for his full costs of defence as to all the counts to be taxed.            Rule accordingly.