By the Court, Bronson, J.
This motion is resisted on the ground that the statute only provides for cases where there ¿hall be 11 several issues joined in any cause(2 R. S. 617, § 26;) and here there is only one plea, not guilty, to the whole declaration. But in a case like this, I think the plea may be regarded as making a several issue upon each count.. (See Seymour v. Billings, 12 Wend. 285; Rogers v. Arnold, id. 288, note; 1 Chit. Pl. 449, ed. 37.) The plaintiff, in the several counts, not only demanded different estates or interests in the land, but she claimed by distinct and independent titles. Under the-first count, she demanded a life estate as tenant in dower; and under the others, she claimed an estate in fee as heir at law. Here were two distinct causes of action, and the evidence in relation to them must have been substantially different on both sides. If the plaintiff had been defeated in a separate action upon either of these titles, it probably would' have been no bar to a subsequent action upon the other title.
If we regard the plea as making a several issue upon each count, the case then comes directly within the second subdivision of the section which has been mentioned. “ When there are two or more distinct causes of action in separate counts, the plaintiff shall recover costs on those issues which are found for him; and the defendant on those which are found in his favor.”
It is unnecessary to inquire, whether the plaintiff will be liable to costs where the same title is set up under several counts claiming different degrees of interest in the land, as an undivided share, or an estate for years, for life, or in fee; or where there are counts upon the title of several plaintiffs, some of whom succeed and others fail. It will be time enough to dispose of these and other questions of the same nature when they arise.
Motion granted.