By the Court, Nelson, Ch. J.
The question in this case is, whether the defendant is entitled to costs, under the circumstances, he having succeeded in showing that a part of the property replevied belonged to him. The cases of Seymour v. Billings, (12 Wend. 285,) and Rogers v. Arnold, (id. 288, note,) would be in point for the defendant, had the value of the property found in his favor exceeded fifty dollars. Does this distinguish the present case ? I apprehend not. In Seymour v. Billings, the declaration contained but one count, to which the plea was non cepit; and on the trial the defendant justified as a constable, by virtue of an execution, under the statute which allows public officers to plead the general issue and give the special matter in evidence. The jury having found for the plaintiff in respect to one parcel of the property, and for the defendant as to the residue, the court said the verdict must be treated as if the declaration contained two distinct counts for the respective parcels, or the defendant had avowed for each respectively. In that aspect of the pleadings, a substantial issue was found in favor of each party, and each was entitled to costs. (2 R. S. 512, § 27, 2d ed.; Wright v. Williams, 2 Wend. 632.)
If the court were right in thus moulding the pleadings in the case of Seym,our v. Billings, there can be no doubt of the correctness of the conclusion at which they arrived, irrespective of the value of the property found in favor of the defendant. Indeed, I do not see that the amount of property successfully *355 defended has any thing to do with the right to costs. For, as the defendant is compelled to appear and defend, whether the amount be more or less than fifty dollars, the principle is the same. He has no alternative but to litigate, or give up his property.
Though there may be some difficulty in regarding the verdict as in effect rendered upon a declaration containing two counts, where there is in fact but one, it seems to me we may treat the present case as though there had been separate avowries for each parcel of the property, without any forced construction of the pleadings. For, by 2 R. S. 277, §§ 14, 15, 2d ed., an officer may give the same matter in evidence under the general issue, that he may under any form of appropriate special pleading.
The conclusion at which I have arrived is at variance with what seems to have been held in Small v. Bixley, (18 Wend. 514;) but in that case the court must have overlooked the statute. It was there supposed that the right of the defendant to costs, where both parties succeed, tons upon the idea that he stands in the attitude of plaintiff, and hence must succeed in defending an amount of property that would entitle a plaintiff to costs. I cannot think so. True, the defendant in replevin is regarded as plaintiff for certain purposes, such as noticing the cause for trial &c.; but there is no reason for so regarding him on the question of final costs. As has been already said, he is not a volunteer in the litigation, for he must assume the attitude of a defendant, or lose his property which has been wrongfully taken. And I do not see why he should he deprived of the privileges of a defendant, while obliged to assume the responsibilities of that character.
I am of opinion, therefore, that the motion should be granted.
Ordered accordingly.