## WILLIAMS *vs.* BEEDE.

In replevin, the defendant pleaded first that the property was in himself and not in the plaintiff, and secondly that the property was in one Williams and was taken by the defendant, a deputy sheriff, as his property, and traversed that the property was in the plaintiff. The latter replied that the property was in himself, and tendered an issue, which was joined.

*Held,* that upon these pleadings the jury might find that a part of the property belonged to the plaintiff, and assess damages for its detention, and that the residue of the property did not belong to the plaintiff, and assess damages for the defendant.

In such a case the verdict is considered as returned upon an issue joined, because effect is given to it in the same manner as though the declaration had contained two counts for the respective articles, or the defendant had avowed for each respectively.

REPLEVIN. The declaration alleged that the defendant, on the 14th day of February, 1843, took two oxen, an ox yoke and two heifers, all the property of the plaintiff, and unjustly detained them.

The defendant pleaded in bar, first, that the property was in himself, and not in the plaintiff, and concluded with a verification; and secondly, that the property, at the time of the taking, was in one Samuel Williams; that he, the defendant, was a deputy sheriff, and had in his hands a writ against Williams for ser-

vice, and that, as such deputy, he attached the property by virtue of the writ, as he lawfully might do; and concluded with a formal traverse that the property was in the plaintiff, and with a verification.

The plaintiff replied to the pleas severally, that the property was in him in manner and form as he had alleged in his declaration, and tendered an issue, which was joined.

There was no evidence tending to show property in the defendant.

The court instructed the jury that if they found upon the evidence that part of the property belonged to the plaintiff, and part to Williams, they should render their verdict for the plaintiff for the part belonging to him, with damages for its detention, and should find that the residue did not belong to the plaintiff, and assess damages to the defendant for that part, giving him the value of the property.

The jury found that the property in the oxen and yoke was in the plaintiff, and assessed one dollar damages; and that the property in the heifers was not in the plaintiff, but was in Williams, and assessed damages to the defendant in the sum of forty-five dollars.

The plaintiff excepted that upon these pleadings the jury could not be authorized to render a verdict for the defendant, if they found part of the property only belonged to Williams, and moved to set aside the verdict.

He also moved in arrest of judgment, because the verdict was not returned on any issue joined or resulting from the state of the pleadings.

*Sawyer & Hobbs*, for the plaintiff.

*Hall*, for the defendant.

GILCHRIST, J. The defendant's second plea alleges that the property was in Williams. The plaintiff excepts that a verdict cannot be returned for the defendant, if a part only of the property belonged to Williams. But this position is untenable. If

replevin be brought for divers chattels, the property in all which is in issue, if the plaintiff's property be proved in some of the chattels only, he shall have damages for their detention and costs, although the defendant shall have a return of the other chattels and his damages. *Bruce* vs. *Learned*, 4 *Mass.* 618. In *Powell* vs. *Hinsdale*, 5 *Mass.* 343, where the issue was upon the property in the chattels, it was said by *Parsons*, C. J., " the plaintiff is entitled to damages for the unlawful caption and detention of such of the goods as the jury have found were his property. The defendant must have a return of such of the goods as are found not to be the plaintiff's property, with damages for the taking of them on the writ." To the same effect is the case of *Seymour* vs. *Billings*, 12 *Wend.* 287. We think that this exception cannot be sustained.

The motion in arrest of judgment is because the verdict was not returned upon any issue joined or resulting from the state of the pleadings. But the authorities cited show that upon a plea raising a question of property, the finding may be partly for the plaintiff and partly for the defendant. The result, then, which the jury have reached is legitimately derived from the state of the pleadings. In such a case as this, effect must be given to the verdict in the same manner as though the declaration had contained two distinct counts for the respective articles, or the defendant had avowed for each respectively. *Seymour* vs. *Billings*, 12 *Wend.* 287. The motion must therefore be overruled.

*Judgment on the verdict.*