## SUPREME COURT.

### DOWLING agt. BUSH.

#### COSTS.

Where an affidavit on information and belief, in answer to the ordinary affidavit of the travel and attendance of witnesses, shows that some of the witnesses were not in attendance, but had left the court for their residences before the trial of the cause came on, it is sufficient to call upon the party claiming the fees for further explanation. The taxing officer is not at liberty, longer, to follow the ordinary affidavit.

A party who subpœnas a witness to attend the trial of a cause, and permits him to depart before the trial is brought on, so that he can not avail himself of his testimony, is no more entitled to the fees of travel and attendance for such witness, than he would, had the witness come after the trial was over. (*In the latter case the fees can not be taxed,* 5 *Wend*. 107.)

If the witness departs court without leave, his fees may be recovered back.

A foreign witness subpœnaed at the place of trial is not entitled to travel fees.

*Ontario Circuit and Special Term, February* 1852. *Motion for retaxation of costs.* The plaintiff was nonsuited on the trial at the Ontario circuit. The clerk on the taxation of the costs allowed the defendant attendance and travel fees for nine witnesses. The affidavit of the defendant, presented to the clerk,

stated that each of said witnesses " attended as a witness on the trial of this cause the number of days and traveled the number of miles in going to and returning from said trial hereinafter stated," stating the same. It also stated that each was subpœnaed in good faith under advice of counsel and that each and every of them was a material and necessary witness for the defendant on the trial of the cause.

Two of the witnesses resided in the state of Michigan and fees for two hundred miles travel from the line of the state were allowed for each, and ten days attendance for one, and five days for the other

The plaintiff appeared and objected to the allowance of any fees for the attendance and travel of witnesses. He presented his affidavit to the clerk which stated one of the foreign witnesses, William Bush, attended the circuit where the cause was tried as a party in a suit of his own, which was tried several days before the trial of the cause in question. And that soon thereafter, and several days before the trial in question, the said Bush left the place of trial for his residence in Michigan, and was not in attendance at the time of the trial. This was stated upon information and belief. It also stated upon information and belief that the other foreign witness, Henry C. Bush was not in attendance at the trial, but that before, or during the day of trial, left for his residence in Michigan. It further denied, generally upon information and belief, that any of the other witnesses attended in pursuance of a subpœna and that they were material in the cause.

J. CALLISTER, *for Plaintiff*.

E. G. LAPHAM, *for Defendant*.

JOHNSON, Justice.—The defendant's affidavit was abundantly sufficient, uncontradicted, to authorize the allowance of all the fees for travel and attendance. But when the plaintiff showed that the foreign witnesses were not in attendance, but had left for their residences in a foreign state before the trial was brought on, the clerk should have called for explanation and further proof before allowing their fees. The ordinary affidavit should have been no longer followed as sufficient (Dean vs. Williams, 6 *Hill*,

.376). Where the departure of the witnesses before the trial was shown, or enough shown to call for an explanation from the defendant, he should have been required to show where they were subpœnaed and why they were permitted to depart.

It is difficult to see how a party can swear that a witness was material and necessary on the trial of a cause, whom he has permitted to depart before the trial is moved. The fact of the departure ought to be taken as conclusive that the witness was not regarded as material, notwithstanding the common affidavit, unless the party claiming his fees can show in explanation that it was in consequence of some admission or concession on the other side, which rendered his evidence unnecessary, or some other fact to prove the necessity or supposed necessity of his attendance at all.

I apprehend that a party who subpœnaes a witness to attend the trial of a cause, and permits him to depart before the trial is brought on, so that he can not avail himself of his evidence upon the trial in case it becomes necessary, is no more entitled to have the fees for his attendance and travel taxed, than he would be had the witness come to the court after the trial was over. In the latter case it has been expressly held that the party is not entitled to the fees (Booth vs. Smith, 5 *Wend.* 107). If the witness departs without leave, his fees may be recovered back; the witness is not entitled to retain them, and consequently the party subpœnaing him can not recover them of his adversary (Ehle vs. Bingham, 4 *Hill*, 595; Anon., 3 *Hill*, 457).

So where it was shown that one of the witnesses was attending court as a party in a suit of his own, the plaintiff should have been required to show affirmatively where he was subpœnaed. A foreign witness, subpœnaed at the place of trial, is not entitled to travel fees, and the party can not have them taxed (Bank of Niagara vs. Austin, 6 *Wend.* 548).

It is no answer to say that these facts were sworn to on information and belief merely. Had they been unfounded they might have been readily controverted by the plaintiff. They were affirmative matters and should have been enquired into by the taxing officer.

Aside from the charges for the two foreign witnesses, the

allowance was proper upon the papers before the clerk. A general negative of the facts stated in the ordinary affidavit, upon information and belief merely, is not, in my opinion sufficient to put the moving party to further proof. And the more especially in this case, where the plaintiff was non suited.

Retaxation ordered.