## DRESSER *a.* WICKES.

*Supreme Court, Dutchess, Special Term ; March,* 1856.

### Costs.—Delay.

What amounts to laches, in bringing on a motion for a readjustment of costs.

The provision of 2 *Rev. Stats.,* 617, § 26, that where there are two or more distinct causes of action in separate counts, the plaintiff shall recover costs on the issues found for him, and the defendant on those found in his favor, is not abrogated by the Code.

Application by the defendant for a readjustment of plaintiff's costs.

*Mr. Van Pelt,* for the application.

The plaintiff in person, opposed.

Emott, J.—The plaintiff objects that the defendant is too late with this application for a readjustment of the costs of this action.

The costs were settled by the Clerk of Westchester County, on the 1st of November, 1855. There appear to have been some proceedings with a view to apply to the court at the January special term, to set aside his adjustment; but it is not very clear what they were, or why they were ineffectual. This motion was noticed, however, for the February special term in Orange County, where a default was taken, which has now been set aside on terms. There are no special terms appointed in Westchester County except at the circuits, and I do not think the test of legal diligence in bringing on a motion, should be applied with reference to the number of circuits which may have been held in other counties than that in which the cause belongs ; but with reference to the terms held on the first Monday in every month, specially for non-enumerated business, together, perhaps, with the terms held with circuits, if any, in the county where the cause belongs. I think, therefore, this motion is in time.

The action was to recover possession of two separate lots of

lands described in two separate counts. As to one, the plaintiff had a verdict, and as to the other, the defendant. Each count, therefore, contained a separate cause of action, and the defence must not only have been distinct but different as to each. The defendant claimed before the clerk, that all the disbursements made by the plaintiff in preparing and trying the issue upon which he was defeated, should be disallowed—and produced an affidavit specifying which of the witnesses, fees, and disbursements were incurred in the preparation or trial of this issue exclusively.

The clerk refused to strike out these disbursements, and allowed and entered the whole amount entered by the plaintiff. I think he was wrong. By 2 *Rev. Stats.*, 617, section 26, it is provided that when there are two or more distinct causes of action in separate counts, the plaintiff shall recover costs on the issues found for him, and the defendant on those found in his favor. I think this provision is not repealed by the Code. And previous to the revision of the statutes it was well settled that when there were separate issues—and some were found for one party and some for the other, even if there was but one cause of action and one party had judgment upon the whole record, he could only have costs of the issue found in his favor. (Osborn *v.* Lawrence, 9 *Wend.* 445, 16 *East*, 129, 12 *Wend.*, 489). When the causes of action were separate and the plaintiff recovered as to part, and the defendant had a verdict on an issue of fact as to the residue, it would seem that the defendant would have costs against the plaintiff for the counts and pleas, &c, on which he succeeded.

Since the statute, certainly, when there was a verdict for the defendant on one count of a declaration containing a separate cause of action, and for the plaintiff on the residue, each party was entitled to costs against the other, upon the issue as to which he was successful. (Briggs *v.* Anson, 4 *Hill.*, 538).

This rule was applied in Crittenden *v.* Crittenden, (1 *Hill*, 359), to an action of ejectment where the plaintiff had in different counts claimed the land in question, in one count as tenant in dower and in others in fee as heir-at-law, and a verdict had been found for the plaintiff on one count and for the defendant on the others. The defendant's costs of these

counts and of the trial of the issues upon them, were taxed and set off against the plaintiff's costs of the cause. And this, although there was but one plea under the statute, not guilty to the whole declaration.

In the present case two separate lots of land were claimed in different counts, a separate answer was put in and an issue made as to each.

The defendant does not ask on this motion to have costs against the plaintiff, but only to have the witnesses' fees and disbursements incurred by the plaintiff in trying the issue, made on the second count on which the defendant had the verdict, stricken out of the plaintiff's costs. I think he is entitled to this. And there will be a readustment of the costs by the clerk of Westchester County accordingly, on proper notice to the defendant. No costs of this motion to either party.