Angle, J.
The complaint contains but one count, and is in ejectment to' recover two separate parcels of land, separately described in the count, and as to both parcels the plaintiff’s right to recover was put in issue by the answer. The verdict of the jury was in favor of the plaintiff as to one parcel, and in favor of the defendant as to the other parcel. The plaintiff has perfected judgment in .his favor for the recovery of the parcel found for him and for his costs against defendant, and the clerk has refused to tax defendant’s costs against plaintiff.
The question is as to the construction of section 3234 of the Code of Civil Procedure, which provides that when the complaint sets forth separately two causes of action upon which issues of fact are joined, if the plaintiff recover upon one or more of the issues, and the defendant recover upon the other <or others, each party is entitled to costs against the adverse *390 'party, unless it is certified that the substantial cause of action was the same upon each issue, in which ease the plaintiff only is entitled to costs. This provision, as far as the present question is concerned, is substantially the same as the provisions of the Revised Statutes (Ackerman agt. De Lude, 20 Weekly Dig., 544), and the provisions of the Revised Statutes <vere construed in Seymour agt. Billings (12 Wend., 285), in which it was held that, as the law stood before the Revised Statutes, where the declaration in replevin contained only one count for a variety of articles, and a plea of property was interposed by the defendant, and the jury found the property of a portion of the articles to be in the plaintiff, and that the value thereof exceeded fifty dollars, and the property of the residue of the articles in the defendant, and that the value thereof was ninety dollars, each party was entitled to costs against the other. On page 287 the court say: “ The jury under the form of pleading having found the title of a part of the property replevied by the plaintiff to have been in the defendant, and the title of the residue in the plaintiff, effect must be given to the verdict in the same manner as though the declaration had contained two distinct counts for the respective parcels, or the defendant had averred for each respectively. Each party then, in this case, has a substantial issue found in his favor, and the general rule in the action of replevin seems to be ¿hat each party shall have costs of the issues on which he succeeds. Both are considered as plaintiff’s or actors (Wright agt. Williams, 2 Wend., 642). But under the Revised Statutes this is made the general rule applicable to all actions ” (2 R. S., 617, sec. 26).
In Martin agt. Martin (3 How., 203), the special term declined to consider Seymour agt. Billings as authority beyond1 the action of replevin, and held it inapplicable to ejectment. In Stoddard agt. Clarke (9 Abb. [N. S.], 314), the court of appeals say that the court held in Seymour agt. Billings that, “ the declaration aJthough it contained only one count for a variety of articles being regarded, for the purposes of costs as *391 containing two distinct counts for the respective parcels of property.”
In Ackerman agt. De Lude (supra), the general term in this department in construing section 3224 followed Seymour agt. jBillings, and went upon a principle of construction applicable with stronger reason to such a count in ejectment as in the case before me, than to a count in replevin for different articles of personal property. The above quotation from Seymour agt. Billings shows that the court was of opinion that the Be vised Statutes had made the rule theretofore prevailing in replevin applicable in all actions. True, this part of the opinion is obiter, for the court had already decided in that case that the defendant was entitled to costs as the law stood before the Bevised Statutes, and it was immaterial whether the statute had extended the same rule to other cases.
My conclusion is, that under- section 3234 of the Code the same rule prevails in ejectment as in replevin, and I am therefore constrained not to follow Martin agt. Martin.
The motion is granted without costs.