Upon the trial before Neilson, Ch. J., and a jury, after the jury had retired for consultation, the counsel of each side consented to have the clerk receive the verdict in the absence of the judge. Upon the return of the jury, the foreman offered and read as their verdict, the following:
1 s The jury find that the plaintiff is not entitled to the. $25 claimed under the first cause of action, the claim having been settled by the $10 returned to him by the defendant and retained by him.
“And that there was no sale of the furniture described in the complaint, and that the said furniture belongs to the plaintiff.
“Also, that the plaintiff is entitled to $10 per week for his services during the first term contained in the complaint, and $6 per week for the second term (when he boarded with defendant) with interest from commencement of action ; $30, already paid to him by defendant, with interest from date of payment, to be deducted in settlement.
‘ ‘ Amount of verdict as made up and handed to clerk, $151.62.”
The plaintiff’s attorney having objected to this verdict, the clerk refused to receive it, and directed the jury to fix the amount either side was entitled to. *417 Thereupon, they rendered a verdict oí $151.62 for the plaintiff. The plaintiff thereafter taxed his costs and entered up judgment on December 11, 1880, for $228.13.
Thereupon the attorney for the defendant made an application ex parte upon the following affidavit:

[Title of the cause.]

[Venue-.]

“ Edgar A. Turrell, being duly sworn, says, that he is the counsel of the defendant in the above entitled action, and was present when the jury herein came into court and read as their verdict a statement of which a copy is hereto annexed and marked Exhibit A. Deponent further says that the first cause of action set up in the complaint was for the sum of twen tyfive dollars for services rendered to defendant in 1878; and upon said claim the jury found,, as noted upon exhibit A, that the plaintiff had received payment from the defendant. Deponent further says, that the third cause of action set up in the complaint was for the value of goods sold and delivered to the defendant by the plaintiff in December, 1879; and upon said claim the jury found, as noted upon Exhibit A, that there' had never been a sale of said goods by the plaintiff ta the defendant.
“Defendant further says that the first and third causes of action as set forth in the complaint were separate and related to different matters and claims, and the amount claimed under each of said causes of action was in each case less than the sum of fifty dollars.”

[Jurat.] [Signature.]

Upon this affidavit Judge Neilsoh made the following certificate:

*418
{Title of the cause.']

“On reading and filing affidavit, I Joseph Neilson, chief judge of the court, do hereby certify that in the trial of the above action before me on the 8th day of December, 1880, three separate and distinct causes of action were set forth in the complaint and separate and distinct issues joined thereon, and that the jury found for the plaintiff on the second cause, and for the defendant on the first and third causes of- action set forth in the complaint; and I do therefore certify that the defendant is entitled to two bills of costs against the plaintiff and which may be off set against the bill of costs to which plaintiff is entitled. J. N.”
Upon due notice, and the foregoing affidavit and certificate, the clerk taxed defendant’s costs at $55.* notwithstanding plaintiff’s objection. From this taxation the plaintiff appealed to the special term by obtaining an order to show cause why it should not be set aside, but the motion was denied. Thereupon the defendant, upon all the pleadings and proceedings, the affidavit of defendant’s counsel, and a copy of the order denying motion to set aside taxation, obtained an order for plaintiff to show cause why his bill of costs should not be offset against and deducted from the plaintiff’s judgment, and an order be granted directing the clerk so to do.
The plaintiff then moved to have the defendant’s bill of costs retaxed and the certificate upon which it was based vacated and set aside as irregular and unauthorized by the Code.
Both motions were heard at the same time, before :
Reynolds, J., who made the following order [omitting the formal parts]:
“ Ordered, that the second mentioned order to show *419 cause and the motion thereon be and the same hereby is denied and that "the motion upon the first mentioned order to show cause is hereby granted, and that the clerk of this court is hereby directed to offset to and deduct from 'the judgment in this action in favor of plaintiff the sum of $55, the bill of costs as taxed in favor of defendant, and that the said clerk is hereby ordered to mark the same as so deducted upon the docket book.”

 The clerk refused to tax moré than one hill of costs in favor of defendant; and defendant’s counsel acquiesced in this view.