REED v. BATTEN.

*(Supreme Court, Special Term, Erie County. July, 1888.)*

COSTS—ALLOWANCE TO DEFENDANT—CODE CIVIL PROC. § 3234.

Plaintiff sued for damages for the conversion of two parcels of personal property, the claim as to each parcel constituting a separate cause of action. The answer was a general denial. On the trial the court held that there could be no recovery as to one of the causes of action, and plaintiff had a verdict on the other for a portion of the amount claimed. *Held,* that defendant was not entitled to costs under Code Civil Proc. N. Y. § 3234, providing that in actions wherein the complaint sets forth separate causes of action upon which issues of fact are joined, and plaintiff recovers upon one or more of such issues, "and the defendant upon the other or others," each party is entitled to costs against his opponent.

On motion for allowance of costs to defendant.

The facts are stated in the opinion. Code Civil Proc. § 3234, provides that in the actions specified in section 3228, "wherein the complaint sets forth separately two or more causes of action, upon which issues of fact are joined, if the plaintiff recovers upon one or more of these issues, and the defendant upon the other or others, each party is entitled to costs against the adverse party, unless it is certified that the substantial cause of action was the same upon each issue," etc.

*E. M. Ashley,* for the motion. *C. W. Johnson,* opposed.

DANIELS, J. The action was brought for damages for the conversion of two parcels of personal property. Each parcel constituted a separate and distinct cause of action from the other, and the answer of the defendant consisted of a general denial of each and every allegation contained in the complaint. Upon the trial of the action the court held the plaintiff not entitled to maintain it for the second cause of action, on the ground that his title was derived through agreements intended as chattel mortgages, and which were

not filed in the office of the town-clerk of the town, and consequently were void as against a judgment creditor, represented by the defendant as sheriff under an execution. As to the other cause of action, it was submitted to the jury, and a recovery of one or more of the items was sustained by the jury, which returned a verdict for the sum of $51.50. The defendant insisted upon the allowance of costs in his favor, under section 3234 of the Code of Civil Procedure, and for that purpose presented a bill to the clerk for adjustment, which he declined to allow. And in that decision he seems to be supported by the language of this section of the Code, for there was but one issue in the action, and on that issue the plaintiff recovered, although not to the extent claimed by him by his complaint. Beyond that the defendant did not recover upon either of the causes of action set forth in the complaint, or for any part of either of them; but the verdict resulted from the failure of the plaintiff to establish his right to recover on both causes of action, or to the extent alleged by him on the cause of action for which the verdict in part was returned. There was but one verdict in the case, and that was in favor of the plaintiff. That was the only recovery in the action, and the case for that reason was not brought within the requirements of this section of the Code upon which in the cases therein mentioned the defendant has been secured the right to costs. This subject was considered under very similar circumstances in the case of *Cooper* v. *Jolly*, 30 Hun, 224. There the complaint set forth separately 23 causes of action for penalties, and the answer, as in this case, was a general denial. The plaintiff gave evidence tending to establish his right to recover 13 of the penalties, and the case was submitted to the jury, who found for the plaintiff for only 2 penalties, amounting to the sum of $100. The defendant applied for the allowance of costs in his favor, which was denied by the court, and that denial was sustained by the court of appeals in 96 N. Y. 667. A question very similar to this also arose in the case of *Barlow* v. *Barlow*, 35 Hun, 50, where the complaint contained two causes of action, upon one of which the plaintiff failed to recover; and the court held, as it did in the preceding case, that this failure to recover by the plaintiff did not entitle the defendant to costs. And the same rule was followed in *Crosley* v. *Cobb*, 42 Hun, 166. It is true that in *Blashfield* v. *Blashfield*, 41 Hun, 249, a somewhat different view was taken of the construction to be placed on this section of the Code. And it may be, as a separate defense seems to have been interposed to the note, upon which the defendant succeeded, that the case can be distinguishable from the others which have been mentioned. But whether it can or not, it is sufficient to say in this state of the authorities that the preponderance is largely in favor of the decision of the clerk. And so is the language of the section itself, inasmuch as it has limited the right of the defendant to costs to an action in which there may be a recovery upon one or more of the issues in his favor. There was no such recovery, and could not be, in this case. This construction can work no injustice to the defendant, for section 738 of the Code of Civil Procedure has provided him with all necessary protection where the claim of the plaintiff, set forth in his complaint, is greater than he may prove to be entitled to recover upon the trial. There the defendant has been permitted to make a written offer to allow judgment to be taken against him for the sum of money or to the amount which he may deem capable of being sustained by proof in the action. And if the plaintiff refuses to accept the offer, and recovers no more favorable judgment, there the defendant will recover his costs of the subsequent litigation in the action. There was no ground upon which the defendant was entitled to the allowance of costs, and the motion made will be denied, with costs. Ordered accordingly.