THE NEWELL UNIVERSAL MILL COMPANY, RESPOND-
ENT, *v.* JANE B. MUXLOW, APPELLANT, IMPLEADED WITH
OTHERS.

*Action of claim and delivery of chattels — Code of Civil Procedure, secs.* 1728, 3234 —
*a defendant succeeding as to part of the chattels is entitled to costs.*

In an action of replevin the defendant asserted a claim to several of the chattels
named in the complaint, and demanded an affirmative judgment for their return,
or an award to her of their value, and denied, in her answer, that all the prop-
erty named in the complaint was owned by the plaintiff, and alleged that a portion
of it belonged to another person who had purchased it from the plaintiff.

Upon the trial the plaintiff succeeded in establishing title to some portions of the
property and the defendant to the rest.

Upon an appeal from an order denying a motion to direct the clerk to tax the
costs in favor of the defendant:

*Held,* that, as the action was brought to recover chattels, the question as to costs
was to be determined by section 3234 of the Code of Civil Procedure, which
provides that when "the complaint sets forth separately two or more causes of
action upon which *issues of fact are joined,* if the plaintiff recovers upon one
or more of the issues, and the defendant upon the other or others, each party is
entitled to costs against the adverse party unless it is *certified that the substantial
cause* of action was the same upon each issue, in which case the plaintiff only is
entitled to costs."

That as no certificate, such as is contemplated by said section, had been given in
this case, the absence of the certificate established the right of the defendant
to costs.

That, in an action of this kind, both parties are actors or plaintiffs and are to be
so treated.

That the provision contained in section 1728 of the Code of Civil Procedure, that
the final judgment must award to each party the same relief, with respect to
the findings in his favor, as if separate judgments were rendered, applied to this
case and entitled the defendant to recover costs.

*Ackerman* v. *DeLude* (36 Hun, 44) followed; *Kilburn* v. *Lowe* (37 id., 237) criticised
and distinguished.

APPEAL from an order denying a motion made by the defendant
to direct the clerk to tax costs in favor of the defendant, entered in
the office of the clerk of the city and county of New York on
June 27, 1888, upon a judgment entered upon the verdict of a jury
after a trial at a Circuit Court.

*Edward P. Wilder*, for the appellant.

*George P. Gordel*, for the respondent.

BRADY, J.:

This is an action of claim and delivery. The plaintiff charged the defendants, four in number, with possession of the property. Two of the defendants only appeared. One of them disavowed possession and control of the property, and prayed only for a dismissal as to himself. Defendant, appellant, asserted a claim to several of the chattels named in the complaint, and demanded an affirmative judgment for their return or award to her. She denied, in her answer, that all the property was placed on the premises named in the complaint by the plaintiff, and averred that a portion was put there by a corporation known as the Colloseum Company, and that other portions thereof were placed there by a corporation known as the New Colloseum Company, who purchased the same from the plaintiff. She set up, as a defense, that the plaintiff had not the title to the property, having made an absolute sale of it, receiving payment therefor from the New Colloseum Company, and, for a further defense, that the property had been so affixed to the freehold that it became fixtures; and, further, that she had a lien upon the property by reason of the indebtedness of a tenant. The answer thus created several issues, some of them relating to the whole property and some to parts of it, and the controversy was presented in such form that verdicts might be found in favor of the plaintiff and the defendant, appellant, which actually took place. The plaintiff succeeded as to some portions of the property, and the defendant, appellant, as to the rest. The question presented on these facts is, whether the appellant is entitled to costs against the plaintiff on the verdict in her favor. Section 3234 of the Code provides as follows: "In an action specified in section 3228 of this act, wherein the complaint sets forth, separately, two or more causes of action, upon which *issues of fact are joined*, if the plaintiff recovers upon one or more of the issues and the defendant upon the other or others, each party is entitled to costs against the adverse party, unless it is *certified that the substantial cause* of action was the same upon each issue, in which case the plaintiff only is entitled

to costs.   Costs to which a party is so entitled must be included in the final judgment by adding them to or offsetting them against the sum awarded to the prevailing party, or otherwise, as the case requires.   But this section does not entitle a plaintiff to costs in a case specified in subdivision 4 of section 3228 of this act, where he is not entitled to costs, as prescribed in that subdivision."

This action is plainly one of those mentioned in section 3228, being an action to recover a chattel, and, as we have seen according to the provisions of the section quoted, where there is a recovery by the plaintiff and defendant each party is entitled to costs against the adverse party, unless it is certified that the substantial cause of action was the same upon each issue, in which case the plaintiff only is entitled to costs.   No certificate such as is contemplated has been given, and it is quite evident that it could not be in consideration of the issues presented, and which have been specially named, resulting from the averments in the answer of the defendant, appellant.   It may be that the absence of the certificate mentioned, according to the provisions of the section just referred to, establishes the right of the defendant to costs.   Indeed, there would seem to be no doubt about the propriety of that conclusion.   But, to pursue the subject further, it is a well-established doctrine for which it is not necessary to cite authorities, that in an action of this kind both parties are actors or plaintiffs, and are so treated in consideration of the numerous questions which have arisen in controversies of this kind, hence the context of section 1728 of the Code as follows: " Where the action is brought to recover two or more chattels, the verdict, report or decision may award to one party one or more distinct chattels, which can be identified and set apart from the others, and the residue to the other party; and, if necessary, the complaint must be amended so as to conform thereto.   The final judgment, rendered thereupon, must award to each party the same relief, with respect to the finding in his favor, as if separate judgments were rendered; except that, where each party is entitled to an absolute award of a sum of money against the other the smaller sum must be deducted from the greater, and the balance must be awarded.".   The right of the defendant, however, to costs is not without authority expressly in point.   The provisions of the Code bearing upon the subject are kindred to those of the Revised

Statutes, and Justice DANIELS in the case of *Ackerman* v. *DeLude* (36 Hun, 44), has considered elaborately the very question now under consideration. The conclusion that he arrived at and the result of his investigation are adopted as a clear exposition of the law on the subject. He cites and among others the case of *Seymour* v. *Billings* (12 Wend. 285).

In that case, which was one of replevin, the plaintiff charged the defendant in one court with taking 25,000 feet of white pine boards. The jury rendered a verdict for some of them in favor of the defendant, assessing their value, and the rest to the plaintiff, assessing their value also, with six cents damages. Defendant's motion for costs was granted. The learned justice said that effect must be given to the verdict in the same manner as though the declaration had contained two distinct counts for the respective parcels of boards, and that the costs must be disposed of as though the pleadings had been in technical special form. And, further, that the general rule in the action for replevin was that each party should have the costs of the issues in which he succeeded, both being, as the learned judge said, considered as plaintiffs or actors. (See *Crittenden* v. *Crittenden*, 1 Hill, 360.) We are not unadvised of the decision in the case of *Kilburn* v. *Lowe* (37 Hun, 237); but in that case it appears that there was but one cause of action set forth in the complaint; one issue of fact joined by the pleadings; that the property was all taken on one occasion by a single act, and that no certificate had been given as contemplated by the Code; that the substantial cause of action was the same upon each issue. The court, in considering the question, however, seems to have overlooked the legal fiction that in actions of this character both parties are plaintiffs, and disposed of it upon the proposition that, as the plaintiff had but a single cause of action under the language of section 3234, he was not entitled to costs. The learned justice, in delivering the opinion of the court in that case, referred to the case of *Ackerman* v. *De Lude* (*supra*), and discussed it upon what was said in the opinion delivered to be a meagre report of the case. However this may be, we think that the case of *Ackerman* v. *De Lude* is a more correct view of the statute, and, therefore, accord to it the higher place in our estimate.

For these reasons, we think the order appealed from should be reversed and the motion granted, with ten dollars costs and the disbursements of the appeal.

Van Brunt, P. J., and Macomber, J., concurred.

Order reversed and motion granted, with ten dollars costs and the disbursements of the appeal.