The judgment should be affirmed, with costs.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment affirmed, with costs.

---

JACOB M. MERTENS, AS SURVIVING PARTNER, ETC., RESPONDENT, v. JOHN C. FITZWATER, APPELLANT.

*Costs — when a defendant is not entitled thereto as against a plaintiff succeeding as to a part only of his claim.*

In an action of replevin brought to recover possession of goods sold to the defendant's assignor on March 3, April 12, May 15, August 21, September 15, October 21 and 22, in the year 1886, and on March 8, 1887, the complaint contained a single count in which it was alleged that the plaintiff was the owner of such goods; that he had demanded the same of the defendant; that the defendant had refused to deliver them to the plaintiff, and demanded a judgment for the return of the goods or for their value.

The plaintiff recovered the goods sold to the defendant's assignor on the 8th day of March, 1887, and the defendant the goods sold, at the various times mentioned, during the year 1886.

*Held,* that the defendant was not entitled to costs against the plaintiff; that the complaint alleged but one cause of action within the meaning of section 3234 of the Code of Civil Procedure.

That section 1728 of the Code of Civil Procedure had no bearing upon the question of costs in this action; that, except where the complaint sets forth separately two or more causes of action and the plaintiff recovers a portion of the property and the defendant the remainder, the defendant is not entitled to recover costs under section 3234 of the Code of Civil Procedure.

*The Newell Universal Mill Company* v. *Muxlow* (24 N. Y. St. Rep., 545) followed.

That when the goods in question were demanded by the plaintiff, and the defendant refused to deliver them up, a cause of action arose in favor of the plaintiff against the defendant for all of the goods demanded, if they were fraudulently obtained by the vendee, and that, as between the parties, but one right of action was asserted by the plaintiff, which was a right to all of the goods taken.

APPEAL from an order of a Special Term, held in Onondaga county, denying a motion made on the part of the defendant to require the clerk of Onondaga county to tax and adjust the defendant's costs against the plaintiff in this action, which order was entered in the office of the clerk of Onondaga county on February 2, 1889.

*Calvin J. Huson,* for the appellant.

*Charles E. Ide,* for the respondent.

MARTIN, J.:

On March 3, April 12, May 15, August 21, September 15, October 21 and 22, in the year 1886, and on March 8, 1887, the firm, of which the plaintiff is the surviving member, sold to David G. Gray, the defendant's assignor, bills of goods consisting of various articles of ready-made clothing. By this action the plaintiff sought to recover possession of the goods so sold from the defendant, who claimed title and the right of possession under and by virtue of a general assignment made to him by said Gray for the benefit of creditors.

The complaint in this action contained but a single count, in which it was alleged that the plaintiff was the owner of such goods; that he had demanded them of the defendant, and that the defendant had refused to deliver them to the plaintiff. The plaintiff demanded judgment for a return of said goods, or their value, if a return could

not be had, and for damages for their detention. The defendant, by his answer, admitted that the plaintiff demanded the goods, but alleged that he owned them as such assignee, and demanded a judgment that the property be returned, and that he have damages for the detention thereof by the plaintiff.

On the trial the plaintiff sought to establish title to the goods on the ground that they were fraudulently purchased of the firm, of which the plaintiff is the surviving member, by the defendant's assignor. The defendant had a verdict. Subsequently a motion for a new trial was made, which resulted in an order granting a new trial on the payment of costs, unless the defendant should stipulate to amend the verdict rendered by awarding to the plaintiff the goods purchased of his firm March, 1887, fixing the value thereof at $170, and assessing the plaintiff's damages for the detention of the same at six cents, and by awarding to the defendant the remainder of the goods, fixing their value at $475.43, and assessing defendant's damages for the detention thereof by the plaintiff at forty-six dollars and forty-one cents. The stipulation provided for by this order was given. The defendant applied to the clerk of Onondaga county to adjust his costs in the action, which he declined to do. The defendant then moved at Special Term for an order requiring the clerk to adjust such costs, which was denied, and from that order this appeal was taken.

In determining the question presented by this appeal the verdict, as amended, must be treated as though it had been rendered by the jury on the trial. It must, therefore, be regarded as a verdict for the plaintiff for the goods sold to Gray on the 8th day of March, 1887, and a verdict for the defendant for the goods sold, at the various times mentioned, during the year 1886. The plaintiff sought to avoid the various sales made by his firm, and to recover the property thus sold on the ground that each of such sales was induced by the fraud of the defendant's assignor; and thus the question was presented, as to each of such sales, whether it was induced by such fraud.

The defendant claims that, under the provisions of the Code of Civil Procedure, he was entitled to costs against the plaintiff. Section 1728 provides: "Where the action is brought to recover two or more chattels, the verdict, report or decision, may award to

one party one or more distinct chattels, which can be identified and set apart from the others, and the residue to the other party, and, if necessary, the complaint must be amended so as to conform thereto. The final judgment rendered thereupon must award to each party the same relief, with respect to the finding in his favor, as if separate judgments were rendered, except that where each party is entitled to an absolute award of a sum of money against the other, the smaller sum must be deducted from the greater and the balance only must be awarded."

Section 3234 declares: "In an action specified in section 3228 of this act, wherein the complaint sets forth separately two or more causes of action upon which issues of fact are joined, if the plaintiff recovers upon one or more of the issues, and the defendant upon the other or others, each party is entitled to costs against the adverse party, unless it is certified that the substantial cause of action was the same upon each issue, in which case the plaintiff only is entitled to costs."

Among the actions specified in section 3228 is an action to recover a chattel. In this case there was no certificate that the substantial cause of action was the same upon each issue. The defendant contends that the plaintiff's claim for the property sold upon each of the occasions mentioned constituted a distinct and separate cause of action within the intent and meaning of section 3234, and that he was entitled to recover costs against the plaintiff, although the plaintiff failed to set forth separately in his complaint these several causes of action, as he sought to recover upon them all.

Where, as in this case, it is claimed that the sale of goods was induced by fraud on the part of the vendee, and they have passed into the hands of an assignee for the benefit of the creditors of the vendee, and the assignee had no knowledge of the alleged fraud when he took possession under the assignment, and no proceeding had been taken by the vendor to rescind the sale prior to the assignment, a demand from the assignee is necessary before an action for the possession of the goods can be maintained. The assignee lawfully acquired the title and possession of the goods, subject to the right of the plaintiff to reclaim them upon rescinding the contract between him and the defendant's assignor. (*Goodwin* v. *Werthei-mer*, 99 N. Y., 149.) Until a demand was made the plaintiff had

no right of action against the defendant. When the goods in question were demanded by the plaintiff and the defendant refused to deliver them up, the plaintiff had a cause of action against the defendant for all the goods demanded, if they were fraudulently obtained by the vendee. As between the parties but one right was asserted by the plaintiff, and that was a right to all the goods taken. The plaintiff's asserted right of action was an entire one. It constituted but one cause of action. Hence the case is not within the provisions of section 3234.

Moreover, the Court of Appeals, in the *Newell Universal Mill Company* v. *Muxlow* (24 N. Y. St. Rep., 545), held that section 1728 has no bearing upon the question of costs in such an action, and that where the complaint does not set forth *separately* two or more causes of action, and the plaintiff recovers a portion of the property and the defendant the remainder, the defendant is not entitled to costs under section 3234 of the Code of Civil Procedure. The decision in that case must, we think, be regarded as decisive of the question under consideration. It follows, therefore, that the order appealed from should be affirmed.

HARDIN, P. J., and MERWIN, J., concurred.

Order affirmed, with ten dollars costs and disbursements.