ACKERMAN et al. v. O'GORMAN et al.

*(Supreme Court, General Term, Fourth Department.  July 20, 1889.)*

COSTS—ALLOWANCE TO DEFENDANT—CODE CIVIL PROC. § 3234.

Code Civil Proc. N. Y. § 3234, which provides that in certain actions, including an action to recover chattels, where the complaint sets forth separately two or more causes of action on which issues of fact are joined, and a recovery is had by each party on one or more of the issues, each party is entitled to costs, has no application to an action to recover several chattels, where the complaint sets forth only one cause of action; and it is immaterial that the plaintiff succeeds as to some of the chattels, and the defendant as to the others. Following *Newell Mill Co.* v. *Muxlow*, 21 N. E. Rep. 1048.

Appeal from special term, Oswego county.

This was an action in replevin by Jacob Ackerman and others to recover the possession of a quantity of boots, shoes, and rubbers, held by the defendant O'Gorman as assignee under the general assignment of Dennis Murphy, who obtained possession of the goods by virtue of purchases, which the plaintiffs claimed were fraudulent, so that no title passed. Murphy was engaged in business at the city of Oswego, and also at Oswego Falls. A part of the goods replevied were found at the Oswego store, and a part at the Oswego Falls store. The complaint contained but one count, and alleged that the defendant O'Gorman, on or about the 14th January, 1888, at the city of Oswego, wrongfully took and wrongfully detains from plaintiffs certain goods described in a schedule annexed; that the plaintiffs are the owners, and entitled to the possession; that the goods are of the value of $236.45; that on the 14th January, 1888, demand was made of O'Gorman, and he refused to deliver. The answer contains, first, a general denial, except the demand. It then alleges that Murphy was the owner of the property, and on the 13th January, 1888, executed and delivered to O'Gorman a general assignment for

the benefit of creditors, under which O'Gorman took possession and holds and owns as assignee all the property named in the complaint that had ever been purchased by Murphy. The defendant seems to have served on plaintiffs a bill of particulars or notice, specifying certain goods as taken from store at Oswego, and certain others as taken from store at Oswego Falls, and stating that of the goods replevied and taken by the plaintiffs those were the ones to which the assignee claimed title, and to none others. Upon the trial a verdict was ordered for the plaintiffs for the possession of the goods taken from the Oswego Falls store, and fixing their value at $158.94, with six cents damages for detention; and for the defendant for the possession of the remaining goods, fixing their value at $77.51, with six cents damages for detention. On the 7th February, 1889, judgment was entered in accordance with the verdict, adjudging that plaintiffs have and retain possession of the goods awarded to them, and that defendant recover of plaintiffs the possession of the goods awarded to him, the judgment specifically describing the goods awarded to each. Costs were taxed by the clerk in favor of the plaintiffs, but he refused to tax the defendants' costs. The special term allowed costs in favor of defendant O'Gorman also, and plaintiffs appeal. It appears from the record that the goods awarded to O'Gorman by the verdict were sold to Murphy at a different time, and delivered to him at a different place, than the goods which the plaintiffs recovered.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*Smith, Kellogg & Wells*, for appellants. *John B. Higgins*, for respondents.

MERWIN, J. Our decision in this case must be controlled by the decision of the court of appeals in *Newell Mill Co.* v. *Muxlow*, 21 N. E. Rep. 1048, (decided June 25, 1889.) In that case, at general term, (4 N. Y. Supp. 197,) it was held that in an action of replevin, when the plaintiff recovered a portion of the chattels sued for and the defendant the rest, the defendant was entitled to costs; following the case of *Ackerman* v. *De Lude*, 36 Hun, 44. The court of appeals reversed the general term, holding that the right to costs in such cases is regulated exclusively by the provisions of section 3234 of the Code, which explicitly declares that the right of the defendant to costs depends upon the condition that the plaintiff has by his complaint separately set forth two or more causes of action upon which issues of fact have been joined; that the rules on this subject pertaining to the former action of replevin do not apply; and that section 1728 of the Code has no bearing on the subject. The remedy of the defendant, it is said, is through an offer of judgment. The court adopted the views expressed by the supreme court in the case of *Kilburn* v. *Lowe*, 37 Hun, 237. In the present case the complaint did not set forth two or more causes of action. In form it was quite similar to the complaint in the *Newell Mill Co. Case*. It follows that the order appealed from must be reversed, with $10 costs and disbursements, and the motion of the defendant O'Gorman for costs denied. All concur.