JACOB ACKERMAN *et al.*, Appellants, *v.* JAMES O'GORMAN, Impleaded, etc., Respondent.

*N. Y. Supreme Court, Fourth Department, General Term, July* 20, 1889.

1. *Costs. Section* 3234.—The defendant, in an action of replevin in which the complaint sets forth but a single cause of action, is not entitled to costs, where he recovers a portion, and the plaintiff, the rest, of the chattels.

A complaint in replevin does not set forth two or more causes of action, though the goods, claimed to have been wrongfully taken and detained, were sold at different times and delivered at different places.

See Note at the end of this case.

Appeal from a special term order allowing one of the defendants a bill of costs.

This was an action in replevin to recover the possession of a quantity of boots, shoes and rubbers, held by the defendant, O'Gorman, as assignee, under the general assignment of Dennis Murphy, who obtained possession of the goods by virtue of purchases, which the plaintiffs claimed were fraudulent, so that no title passed. Murphy was engaged in business at the city of Oswego and also at Oswego Falls.

A part of the goods replevied were found at the Oswego store and a part at the Oswego Falls store.

The complaint contained but one count, and alleged that the defendant, O'Gorman, on or about the 14th of January,

1888, at the city of Oswego, wrongfully took and wrongfully detains from plaintiffs certain goods described in a schedule annexed; that the plaintiffs are the owners and entitled to the possession; that the goods are of the value of $236.45; that on the 14th of January, 1888, demand was made of O'Gorman, and he refused to deliver.

The answer contains, first, a general denial. except the demand. It then alleges that Murphy was the owner of the property, and on the 13th of January, 1888, executed and delivered to O'Gorman a general assignment for the benefit of creditors, under which O'Gorman took possession and holds and owns, as assignee, all the property named in the complaint that had ever been purchased by Murphy.

The defendant seems to have served on plaintiffs a bill of particulars or notice, specifying certain goods as taken from store at Oswego and certain others as taken from store at Oswego Falls, and stating that, of the goods replevied and taken by the plaintiffs, those were the ones to which the assignee claimed title, and to none others.

Upon the trial a verdict was ordered, for the plaintiffs for the possession of the goods taken from the Oswego Falls store, and fixing their value at $158.94, with six cents damages for detention, and for the defendant for the possession of the remaining goods fixing their value at $77.51, with six cents damages for detention. On the 7th of February, 1889, judgment was entered in accordance with the verdict, adjudging that plaintiffs have and retain possession of the goods awarded to them, and that defendant recover of plaintiffs, the possession of the goods awarded to him, the judgment specifically describing the goods awarded to each. Costs were taxed by the clerk in favor of the plaintiffs, but he refused to tax the defendant's costs. Then the motion was made which resulted in the order appealed from.

It appears from the record, that the goods awarded to O'Gorman by the verdict, were sold to Murphy at a differ-

ent time, and delivered to him at a different place than the goods which the plaintiffs recovered.

*Smith, Kellogg & Wells,* for appellants.

*John B. Higgins,* for respondent.

MERWIN, J.—Our decision in this case must be controlled by the decision of the court of appeals in the Newell Universal Mill Co. *v.* Muxlow (24 N. Y. State Rep. 545). In that case at general term (51 Hun, 453 ; 20 N. Y. State Rep. 914), it was held that, in an action of replevin, when the plaintiff recovered a portion of the chattels sued for, and the defendant the rest, the defendant was entitled to costs, following the case of Ackerman *v.* De Lude (36 Hun, 44). The court of appeals reversed the general term, holding that the right to costs in such cases is regulated exclusively by the provisions of section 3234 of the Code, which explicitly declares that the right of the defendant to costs depends upon the condition that the plaintiff has, by his complaint, separately set forth two or more causes of action upon which issues of fact have been joined ; that the rules on this subject pertaining to the former action of replevin do not apply, and that section 1728 of the Code has no bearing on the subject. The remedy of the defendant, it is said, is through an offer of judgment. The court adopted the views expressed by the supreme court in the case of Kilburn *v.* Lowe (37 Hun, 237).

In the present case, the complaint did not set forth two or more causes of action. In form it was quite similar to the complaint in the Newell Co. Case.

It follows, that the order appealed from must be reversed, with ten dollars costs and disbursements, and the motion of the defendant O'Gorman, for costs, denied.

HARDIN, P. J., and MARTIN, J., concur.

NOTE ON THE RIGHT OF DEFENDANT TO COSTS, WHERE THERE ARE
SEVERAL ISSUES OF FACT.

The defendant's right to costs, where several issues are involved in
an action, and he succeeds as to some, and the plaintiff as to the other
of said issues, depends upon the provisions of section 3234 of the Code.
Still the decisions under the Revised Statutes and during the opera-
tion of the former Code, may throw some light on the question and
aid in arriving at an understanding of the present views of the courts
in regard to this section. The cases under the Revised Statutes will
be first examined.

*Under Revised Statutes.*—In Seymour *v.* Billings, 12 Wend. 285, it was
held that, where the declaration in replevin contained only one count
for a variety of articles, and a plea of property was interposed by the
defendant, and the jury found the title to a portion of the articles to
be in the plaintiff, the value of which exceeds $50, and the title to the
residue of the articles in the defendant, the value of which was $90,
each party was entitled to recover costs against the other. The dec-
laration was regarded as containing two distinct counts for the re-
spective parcels, or the plea was viewed as a separate and distinct
avowry for each parcel.

And in Rogers *v.* Arnold, 12 Wend, 289, note, where a defendant, in
replevin, pleads property in the goods, as to a portion of which the
issue is found in his favor, and as to the remainder, whose value is
less than $50, the title is found to be in plaintiff, it was held that the
defendant is entitled to recover costs, and the plaintiff can recover no
more costs than damages.

Where a defendant in replevin avows and justifies the taking, and
only a part of the property is found in his favor, the value of which is
assessed at less than $50, he is entitled to no more costs than damages.
Small *v.* Bixley, 18 Wend. 514. The defendant's right to costs turned
upon the idea that he stood in the attitude of plaintiff, and must suc-
ceed in defending an amount of property that would entitle a plaintiff
to costs; but the court, in Johnson *v.* Fellows, 6 Hill, 353, intimated that
there was no reason for regarding him in the light of a plaintiff on the
question of final costs.

The statute (2 R. S. 617, section 26) giving costs to a defendant
where one or more of several issues are determined in his favor, and
the others in favor of the plaintiff, applies only to cases in which a
verdict is actually rendered for the defendant. Briggs *v.* Allen, 4
Hill, 538.

And the court, in Johnson *v.* Fellows, *ante,* held that, where a
verdict in replevin is rendered, which gives the defendant a right to
have return of part of the property, though its value be assessed at

less than fifty dollars, and the other issues are decided against him, he is nevertheless entitled to full costs of the issue found in his favor. The declaration in this case contained but one count, but the court regarded the matter as though there had been separate avowries for each parcel of the property.

The provisions allowing a defendant, who had judgment against him on the whole record, the costs of an issue found in his favor " in cases where there are two or more distinct causes of action in separate counts, did not apply where the different counts were for separate sums payable by the same covenant which might have been included in one count. Bull v. Ketchum, 2 Denio, 188.

And in Hull v. Halsted, 1 How. 174, the court held that where both parties recover a portion of the property in an action of replevin, and the value of each portion is assessed, each party is entitled to costs, provided the amounts are sufficient to carry costs.

*Under former Code.*—The right to recover costs in an action is statutory, and, unless the party claiming them can show a statute in his favor, he must fail. Stoddard v. Clarke, 9 Abb. N. S. 310.

The provision of 2 R. S. 618, section 26, that where several issues are joined, and there are two or more distinct causes of action in separate counts, each party shall recover costs on the issues found for him, is superseded by the Code of Procedure. Stoddard v. Clark, *ante*.

Where the plaintiff, in an action to recover specific personal property, recovers property exceeding fifty dollars in value, he is entitled, and though defendant also recovers property exceeding that value, he is not entitled, to costs. Id.

So, in Watson v. Gardiner, 50 N. Y. 671, the court held that, where two causes of action are set forth in the complaint, and the defendant succeeds in his defense to one of them, but a judgment is obtained against him upon the other, he is not entitled to costs for the successful defense, on the ground that sections 30 and 305 of the former Code had superseded the provisions of 2 R. S. 617, section 26.

Under the former Code and prior to the enactment of section 3234 of the present Code, it was held that, in an action to recover the possession of personal property, although the jury may find in favor of the defendant for the greater portion thereof, yet if they find in favor of plaintiff for any part thereof, the defendant is not entitled to costs, and that it was immaterial whether the defendant returned or allowed the property to be delivered to plaintiff under the provisional writ. Vowles v. Murray, 50 How. 159.

By section 305 of the former Code, costs are allowed of course to the defendant, unless the plaintiff is entitled to costs in the action. No provision is made in this Code for cases where several causes of action

are united in one suit, and the plaintiff succeeds as to some, and the defendant as to the other causes of action.

*Under present Code.*—Section 3234. In an action specified in section 3228 of this act, wherein the complaint sets forth separately two or more causes of action, upon which issues of fact were joined, if the plaintiff recovers upon one or more of the issues, and the defendant upon the other or others, each party is entitled to costs against the adverse party, unless it is certified that the substantial cause of action was the same upon each issue; in which case the plaintiff only is entitled to costs. Costs, to which a party is so entitled, must be included in the final judgment, by adding them to, or off-setting them against, the sum awarded to the prevailing party; or otherwise, as the case requires. But this section does not entitle a plaintiff to costs, in a case specified in subdivision fourth of section 3228 of this act, where he is not entitled to costs, as prescribed in that subdivision.

The language of section 3234 of the Code refers to actions to recover chattels, and declares explicitly that the right of the defendant to costs depends upon the condition that the plaintiff has, by his complaint, separately set forth two or more causes of action upon which issues of fact have been joined; and, even when such is the case, the defendant is not entitled to costs when it is certified that the substantial cause of action was the same upon each issue. Newall Universal Mill Co. *v.* Muxlow, *ante.*

Analogies drawn from the characteristics of the former action of replevin are not sufficient to overthrow or vary the clear and explicit language contained in section 3234 of the Code. Newall Universal Mill Co. *v.* Muxlow, *ante;* Kilburn *v.* Lowe, *ante* The action of replevin was abolished by the Code of Procedure and its peculiar and destructive features suspended by the rules of practice therein provided for the conduct of actions of claim and delivery. Newall Universal Mill Co. *v.* Muxlow, *ante.* See Stoddard *v.* Clarke, *ante;* Watson *v.* Gardiner, *ante.*

Under the Revised Statutes, the rule was that in order to entitle the defendant to recover costs, there must be a verdict or finding in his favor upon one or more of the counts set forth in the declaration; and that where there was a general verdict in favor of the plaintiff, and no separate verdict rendered for the defendant, he could not recover costs. Cooper *v.* Jolly, 30 Hun, 224. This case applied the same rule to section 3234 of the Code and held that there must be a separate and distinct recovery on the part of the defendant in order to entitle him to costs. The action was for the recovery of penalties under chapter 518 of the Laws of 1864, as amended by chap. 237, Laws of 1878. The complaint sets forth separately twenty-three causes of action and the answer was a general denial. On the trial, the jury found a verdict for

the plaintiff for two counts at fifty dollars each, amounting to one hundred dollars. The court held that the defendant was not entitled to costs, as he had not recovered upon any of the issues within the meaning of section 3234 of the Code. This case was affirmed in the court of appeals as noted in 96 N. Y. 667.

In Barlow v. Barlow, 35 Hun, 50, the complaint set forth two causes of action; one, upon an express promise made by the defendant to pay an agreed price for work and labor performed by the plaintiff prior to March, 1868; the other, upon an implied promise to pay for work and labor performed by her after that time and prior to 1880. Upon the trial, the plaintiff recovered upon the first, but not upon the second, cause of action. The general term held that the direction of the court below that the defendant's costs be taxed and set off against the plaintiff's judgment, was error. The defendant was not entitled to recover costs in this case, inasmuch as the substantial cause of action was the same upon each issue, within the meaning of these terms as used in section 3234 of the Code; and, in case the complaint set forth two causes of action, upon one only of which the plaintiff recovers, the defendant has not recovered upon any issue within the above section. See 30 Hun, 224.

In Crosley v. Cobb, 42 Hun, 166, the complaint contained four counts; but at the trial, it was held, upon defendant's motion, that the second and third count did not state a cause of action, and the plaintiff recovered a general verdict of fifty dollars. The court held that the defendant was not entitled to recover costs, under section 3234 of the Code, as there was no recovery or verdict upon a cause of action in favor of the defendant. Though the defendant did not demur to the defective counts, yet he raised the question at the trial, and it was held, as a matter of law, that the counts did not state facts sufficient to constitute a cause of action.

In Reed v. Batten, 22 Abb. N. C. 69, the action was brought for the conversion of two parcels of personal property, each of which parcels constituted a separate and distinct cause of action, and the answer consisted of a general denial of each and every allegation contained in the complaint. Upon the trial the court held that the plaintiff was not entitled to maintain the action for the second cause of action, and the jury, upon the submission of the other cause of action, rendered a verdict for the sum of $51.50. An allowance of costs to defendant was refused on the ground that the only recovery in the action was in favor of plaintiff, and the case for that reason was not brought within the requirements of section 3234 of the Code, upon which in the cases therein mentioned the defendant has been secured the right to costs.

In Blashfield v. Blashfield, 41 Hun, 249, the complaint set forth in

separate counts two causes of action, one on a note for $200, and the other on a note for $100.13. The answer set up the statute of limitations to each note. Upon the trial, the court granted defendant's motion to strike out and eliminate the $200 note from the case on the ground that it was barred by the statute of limitations, and the jury returned a verdict for plaintiff upon the other note. There was no certificate that the substantial cause of action was the same upon each issue, as provided in section 3234 of the Code. The defendant was allowed to tax costs against the plaintiff, on the ground that he recovered upon the issues of fact joined as to one of the causes of action set forth in the complaint. The special term refused, on motion, to set aside the taxation and the order of the special term was affirmed by the general term. The general term placed its decision upon the ground that there was an issue of fact as to each of the two notes set out in the complaint, and a recovery by plaintiff on one and a recovery by defendant on the issue of fact as to the other. Crosley v. Cobb, ante. There is no discrepancy between the decision in Crosley v. Cobb, ante, and Blashfield v. Blashfield, ante, though such intimation is made in Reed v. Batten, ante, which is a special term decision. The section does not demand that the issues of fact be tried by, nor the recovery be had before, a jury; the decision of the issues of fact, or a recovery rendered, by the court in favor of the defendant would satisfy the requirements of the section. In Blashfield v. Blashfield, ante, the defense of the statute of limitations to the $200 note raised an issue of fact, which was decided on the evidence by the court in favor of the defendant, in withdrawing it, on defendant's motion, from the consideration of the jury. A motion on the trial as to the sufficiency of a count presents, in effect, an issue of law, and such was the case in Crosley v. Cobb, ante. There is more question as to the correctness of the decision in Reed v. Batten, ante, but the determination of all the cases are put on one ground, viz.: the recovery, or want of recovery, upon an issue of fact in one or more causes of action in the complaint in favor of the defendant.

Section 1728 of the Code has no bearing upon the question of costs. This section was intended to enable a defendant to recover for a portion of the chattels replevied, though the plaintiff should recover for others, and authorized such an amendment of the pleadings as the rights of the parties required. But it was not intended by this section to render the express requirements of section 3234 nugatory, by awarding costs to defendant also, in case he recovered a portion of the replevied goods. Newell Universal Mill Co. v. Muxlow, ante; rev'g 16 N. Y. C. P. 153; 51 Hun, 453; Mertens v. Fitzwater, 53 Hun, 597.

In Newell Universal Mill Co. v. Muxlow, ante, the complaint in an action to recover possession of several chattels contained a single

count, and the answer set up several defenses, some covering the whole property and others applying to only a portion thereof, and both parties succeeded as to a part of the replevied property; it was held that the defendant was not entitled to costs.

In Kilburn *v.* Lowe, *ante,* the complaint set forth only one cause of action, and upon the trial the plaintiff was adjudged to recover a portion, and the defendant, the balance, of the replevied goods. The defendant was held not to be entitled to costs under section 3234 of the Code, as under that section he cannot recover them unless the complaint sets forth separately two or more causes of action upon which issues of fact are joined. The apparent design was to give to both parties costs in a case in 'which the complaint sets forth more than one cause of action, provided both parties recover upon one or more of the causes of action.

Where the complaint does not set forth separately two or more causes of action, and the plaintiff recovers a portion, and the defendant the remainder, of the property, the defendant is not entitled to costs under section 3234 of the Code. Mertens *v.* Fitzwater, *ante.*

In Ackerman *v.* O'Gorman, above reported, it is held that the defendant is not entitled to costs under section 3234 of the Code, in an action to recover possession of personal property, where the complaint contains but one count, though he recovers as to some of the property. To entitle him to costs in such case, the complaint must set forth separately two or more causes of action.

Where the complaint in an action to recover the possession of personal property alleges in a single count the wrongful taking and detention of certain goods and a refusal to deliver them on demand, it does not set forth two or more causes of action, even though such goods were sold and delivered to defendant's assignor at different times and places. Ackerman *v.* O'Gorman, *ante;* Mertens *v.* Fitzwater, *ante;* Goodwin *v.* Wertheimer, 99 N. Y. 149.

Where a complaint is dismissed as to one count, and the plaintiff has a verdict in his favor on the second count, he, having obtained the only verdict rendered by the jury, is the only party entitled to costs. Willard *v.* Strachan, 3 N. Y. C. P. 452. The first count in this case was dismissed on a ground, which was not specially pleaded, arose incidentally on the evidence, and was not the substantial issue in the action.

Where the complaint sets up several distinct causes of action, on which separate and distinct issues are taken, and plaintiff succeeds as to one cause of action and fails as to the others, each party is entitled to tax a bill of costs against the other party, and the defendant

may have his judgment for costs set off against plaintiff's judgment for recovery and costs. Hudson *v.* Guttenberg, 9 Abb. N. C. 415.

Where in an action of claim and delivery brought to recover the possession of goods sold to defendant's assignor at various dates, the complaint contained a single count, and each party recovered a portion of the replevied goods, it was held that the defendant was not entitled to costs against the plaintiff, on the ground that the complaint alleged but one cause of action within the meaning of section 3234 of the Code. Mertens *v.* Fitzwater, *ante.*

Where in an action of ejectment the complaint contained but one count to recover two parcels of land, separately described in the count, and as to both parcels the plaintiff's right to recover was put in issue by the answer, and the verdict was in favor of the plaintiff as to one, and in favor of the defendant as to the other, parcel, the latter is entitled to costs as well as the plaintiff. Coon *v.* Deifendorf, 2 How. N. S. 389. The court held that the same rule, under section 3234 of the Code, prevails in ejectment as in replevin. This case ignores the requirement of the section that the complaint must set forth separately two or more causes of action, etc., and follows Ackerman *v.* DeLude, 36 Hun, 44; 20 W. Dig. 544, which is expressly overruled in Newell Universal Mill Co., *v.* Muxlow, *ante.*

The construction, given to section 3234 of the Code, can work no injustice to the defendant, for section 738 of the Code, has provided him with all necessary protection, where the claim of the plaintiff, set forth in his complaint, is greater than he may prove to be entitled to recover upon the trial. Reed *v.* Batten, *ante.*