## HEATH v. FORBES.

### (City Court of New York, Trial Term. February 13, 1890.)

COSTS—ALLOWANCE TO DEFENDANT—SEPARATE CAUSES OF ACTION.

 Where a complaint sets forth two separate causes of action, one of which is dismissed and a verdict for plaintiff is found on the other, defendant is not entitled to costs under Code Civil Proc. N. Y. § 3234, providing that where the complaint sets forth separate causes of action on which issues of fact are joined, and plaintiff recovers on one or more of such issues, "and the defendant upon the other or others," each party is entitled to costs against his opponent, as nothing but a specific verdict for defendant as to such cause of action will suffice.

Action by Francis Heath against W. C. Forbes as assignee for an insolvent firm, on two causes, viz.: for an amount due on a claim owed by firm; and for an amount due on a claim guarantied by firm. Defendant moves for a new taxation of costs. Code Civil Proc. § 3234, provides that in the actions specified in section 3228, "wherein the complaint sets forth separately two or more causes of action, upon which issues of fact are joined, if the plaintiff recovers upon one or more of these issues, and the defendant upon the other or others, each party is entitled to costs against the adverse party, unless it is certified that the substantial cause of action was the same upon each issue," etc.

*Albert H. Atterbury*, for plaintiff.   *P. P. Pope*, for defendant.

McADAM, C. J.  The clerk properly refused to tax the defendant's costs. See *Cooper v. Jolly*, 30 Hun, 224, affirmed, 96 N. Y. 667; *Briggs v. Allen*, 4 Hill, 538; *Williard v. Strachan*, 3 Civil Proc. R. 452; *Crosley v. Cobb*, 42 Hun, 167; *Reed v. Batten*, 6 N. Y. Supp. 708,—which must prevail against the case reported in 41 Hun, 249, (*Blashfield v. Blashfield*.) The rule as settled seems to be that to entitle a defendant to costs in a case where he succeeds as to one of several causes of action, nothing short of a specific verdict in his favor as to such cause of action will suffice. Action of clerk affirmed. See *Durant v. Abendroth*, 13 Civil Proc. R. 434.