CHARLES P. McCARTHY, Respondent, v. WILLIAM J. INNIS, Appellant.

*Costs — where the plaintiff recovers upon one cause of action, but his complaint is dismissed as to another, the defendant cannot tax costs.*

The complaint, in an action for libel, charged in separate counts two different publications of articles in a newspaper as libelous. Issue was taken on each of such alleged causes of action. The plaintiff recovered upon the first cause of action, and the complaint was dismissed as to the second cause of action.

*Held*, that, under section 3234 of the Code of Civil Procedure, in order to entitle a defendant to costs he must recover upon one or more of the issues.

That as the defendant did not recover upon either issue he was not entitled to costs.

*Blashfield* v. *Blashfield* (41 Hun, 249) not followed.

Appeal by the defendant William J. Innis from an order, entered in the office of the clerk of the city and county of New York on the 6th day of June, 1891, denying the defendant's motion for an order directing said clerk to tax the costs of the defendant upon the dismissal of the second cause of action set forth in the complaint herein.

*E. H. Benn,* for the appellant.

*Charles P. McCarthy,* respondent, in person.

Daniels, J. :

The action was brought to recover damages for the publication of articles alleged to have been libelous. Two different articles were set forth, each in a separate division or count of the complaint. Issue was taken by the answer on each cause of action. And on the trial so much of the complaint was dismissed as contained a statement of the second cause of action. The issue as to the first was submitted to the jury, and a verdict returned upon it for the sum of $400 for the plaintiff. The defendant on this disposition of the action claimed to be entitled to costs. But the clerk refused to adjust his bill of costs, and that was affirmed by the order of the Special Term, from which the appeal has been taken.

To entitle a defendant to costs under section 3234 of the present Code of Practice he must recover upon one or more of the issues.

But the defendant did not recover on either issue. What he did was to defeat a recovery on the second issue by the plaintiff. And as there was no recovery in his favor this section of the Code did not entitle him to costs.

The case of *Blashfield* v. *Blashfield* (41 Hun, 249), has been presented as in conflict with this construction. And apparently that is the fact. The action there was upon two notes, and the evidence as to one was stricken out for the reason that a recovery upon it was barred by the statute of limitations. And in an opinion which contains a special reference to the previously decided cases, it was held that this disposition of one of the causes of action entitled the defendant to costs, although the recovery on the other note by the plaintiff, entitled him to costs. And that was affirmed by the General Term. But as there was, in fact, no recovery by the defendant and no more than a successful defense as to one of the notes, this decision is not in entire harmony with this section of the Code, or with the construction given to it in the earlier case of *Cooper* v. *Jolly* (30 Hun, 224). There the complaint contained a statement of twenty-three causes of action for so many different penalties; and the plaintiff recovered for two only. The defendant claimed costs under the same section, but they were denied him. And that was sustained on appeal to the Court of Appeals. This decision is directly applicable to the present appeal, and is not compatible with the defendant's claim of costs.

In *Ackerman* v. *De Lude* (36 Hun, 44), the action was for the recovery of the possession of personal property. And upon the trial the plaintiff recovered a verdict for the possession of part of the property, while the defendant had a verdict for the recovery of the residue, as that may be proper in an action of replevin. And that presented a case which was within this section, and entitled the defendant to costs, without affording any sanction to the claim of this defendant. The case of *Kilburn* v. *Lowe* (37 Hun, 237), is also an authority against the defendant. And so very plainly are *Heath* v. *Forbes* (18 Civ. Pro. Repts., 207); *Crosley* v. *Cobb* (42 Hun, 166); *Barlow* v. *Barlow* (35 id., 50); and, in its reasoning, the case of *Reed* v. *Batten* (6 N. Y., Supp., 708).

The weight of decided authority is against the right of the defendant to costs, and so is the language of this section of the Code, ren-

dering it dependent upon a recovery in his favor, which is something beyond defeating the plaintiff upon a separate and distinct cause of action when he is successful in the residue of the action. The order should be affirmed, with ten dollars costs and the disbursements.

VAN BRUNT, P. J., concurred.

Order affirmed, with ten dollars costs and disbursements.